Joann JOHNSON, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 2–480A99.

Court of Appeals of Indiana,
First District.

Sept. 9, 1980.

James A. Neel, Neel & Wyndham, Indianapolis, for defendant–appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant–appellant Joann Johnson appeals her conviction of battery, Ind. Code 35–42–2–1 (Supp. 1980), and attempted escape, Ind. Code 35–44–3–5 and 35–41–5–1 (Supp. 1980), class C felonies, following a bench trial in Marion Superior Court, Criminal Division III. We affirm.

## ISSUES

Defendant raises two issues:

I. Whether the evidence is sufficient to support the verdict.

II. Whether a pair of scissors is a deadly weapon under Ind. Code 35–41–1–2 (Supp. 1980).

## DISCUSSION AND DECISION

Ind. Code 35–42–2–1(3) states that battery is a class C felony if it results in serious bodily injury *or* if it is committed by means of a deadly weapon. Ind. Code 35–44–3–5 states that an escape is a class C felony if the one making the escape uses a deadly weapon *or* inflicts bodily injury.

Defendant recites in her Statement of the Facts testimony to the effect that, while a prison inmate, she slashed a prison employee with scissors after confronting the employee with the scissors and taking a set of keys from her. Defendant then proceeds to argue that there were inconsistencies in the employee's testimony as to whether Defendant did in fact injure her. We remind Defendant that an appellate court neither weighs evidence nor judges witness credibility. Defendant's protestation that the employee's testimony is "too

unbelievable" is wrongly directed to this court. The record contains testimony that Defendant slashed the employee on both her hands and under her arm. That testimony supports a finding of bodily injury to the victim, "bodily injury" defined by Ind. Code 35–41–1–2 as "any impairment of physical condition, including physical pain."

■ Defendant's argument that a pair of scissors as utilized by her against the victim was not a deadly weapon under Ind. Code 35–41–1–2 is without merit. The statutory definition includes any device "that in the manner it is used . . . is readily capable of causing serious bodily injury," serious bodily injury being one that, *inter alia*, "creates a substantial risk of death." To argue that a pair of scissors used in a slashing attack on an unarmed victim is not a deadly weapon is futile. *Cf. Liston v. State*, (1969) 252 Ind. 502, 250 N.E.2d 739 (where a piece of porcelain was used as a deadly weapon in an attempted escape). Defendant's contention merits no further response than a firm denial.

■ Thus, the State proved use of a deadly weapon, one of the two disjunctive requirements under Ind. Code 35–42–2–1(3), and use of a deadly weapon and bodily injury, both the disjunctive requirements under Ind. Code 35–44–3–5, thereby justifying Johnson's convictions of battery and attempted escape as class C felonies.

The judgment of the trial court is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.