James HINKLE, Sr., Appellant,

v.

STATE of Indiana, Appellee.

No. 283S77.

Supreme Court of Indiana.

Dec. 17, 1984.

Charles F. Leonard, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder, a Class A felony. The court sentenced appellant to thirty (30) years imprisonment. The sentence reflects a reduction in sentence from the presumptive forty (40) years due to the circumstances of the case.

The facts are: Appellant was called to the home of the victim, his estranged wife. After his arrival, an argument ensued. Appellant testified the victim made various verbal threats. She then attempted to obtain a knife from a drawer in the kitchen. Appellant prevented her from removing the knife from the drawer. The victim then left the room. She returned moments later with a gun. Appellant was able to take the

gun from her possession and place it in the pocket of his pants.

After a period of quarreling, appellant turned to leave the room and the home. The victim again threatened appellant. She stated she would scald him as she had done on a previous occasion. Appellant indicated he heard a pan rattle on the stove. He then turned to see her at the stove. At that point, he pulled the gun from his pocket and fired four shots from close range. The victim died as a result of those shots. Appellant then called the authorities.

Appellant asserted a claim of self-defense by calling witnesses who testified in graphic detail of the victim's violent nature and her past acts of brutality toward appellant and the children.

In the case at bar, appellant alleges a lack of sufficient evidence to support the verdict. He argues the State failed to negate beyond a reasonable doubt his defense of self-defense. This question is treated in the same manner as any other challenge to the sufficiency of the evidence. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Smith v. State*, (1983) Ind., 455 N.E.2d 346.

Appellant's assertion of self-defense requires him to make a showing of three facts: that he was in a place where he had a right to be; that he acted without fault; and that he had a reasonable fear or apprehension of death or great bodily harm. *Bryan v. State*, (1983) Ind., 450 N.E.2d 53. Once the claim has been asserted the State bears the burden of showing beyond a reasonable doubt the absence of one of these factors. *Bryan, supra; Loyd v. State*, (1980) 272 Ind. 404, 398 N.E.2d 1260.

Ind.Code § 35–41–3–2(a) provides:

"A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, *a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury* to himself or a third person or the commission of a forcible felony." (Emphasis added.)

Sufficient evidence was introduced to support the verdict. The jury was free to infer appellant was starting to leave the decedent's home when she made her last threat, yet he returned to confront her. The jury was free to conclude that appellant was not justified in believing the degree of force utilized was necessary to prevent death or serious bodily harm to him. We hold sufficient evidence was presented to support the finding that the State had negated beyond a reasonable doubt at least one of the elements of appellant's self-defense claim.

The trial court is in all things affirmed.

All Justices concur.