**John L. FISHER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8703–CR–290.

Supreme Court of Indiana.

July 26, 1989.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in appellant's conviction of two counts of Battery, a Class C felony, for which he received two sentences of five (5) years each, and Murder, for which he received a sentence of fifty (50) years, the sentences to be served concurrently.

The facts are: At approximately midnight on June 2, 1984, Beverly Owens visited Red's Lounge in Indianapolis. Appellant sat down next to her and asked if she were married. Appellant told her his wife was out of town, and he wanted her to leave with him. He offered her one hundred dollars. She rebuffed him and began talking to another bar patron, Michael Gillespie.

While she and Gillespie danced, appellant stared at them, and she told Gillespie that appellant had been bothering her. They sat down and appellant continued to stare at Owens. Gillespie then approached appellant and asked him to stop bothering and staring at Owens. An argument ensued, and appellant hit Gillespie in the mouth with the butt of his gun and broke some of his teeth. Appellant moved toward the door and the bar owner, James Martin, grabbed appellant and pushed him against the door. At that time, Maxine Owens, another bar patron, interceded and attempted to push Martin away from appellant. Martin stepped back, and appellant fired his gun. The bullet struck Owens in the knee. Appellant fired a second shot which hit Martin in the abdomen, causing his death.

Appellant went home and called the police. He told the dispatcher that an accident had occurred, he shot a man, and he wanted to turn himself in. He was taken to the police station and arrested.

Appellant argues the evidence is insufficient to support his conviction of battery as a Class C felony under Ind.Code § 35–42–2–1(3) as to Gillespie's injury. He asserts that the two chipped teeth Gillespie suffered as a result of the blow to his mouth do not rise to the level of "serious bodily injury" and his conviction cannot stand.

■ Appellant acknowledges that upon a claim involving the insufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781.

■ Indiana Code § 35–42–2–1(3) states that battery is a knowing or intentional touching of another person in a rude, insolent, or angry manner. It becomes a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon. Appellant intentionally struck Gillespie in the face with a gun, which is of course a deadly weapon. We find appellant's Class C battery conviction is supported by the evidence. *Litel v. State* (1988), Ind., 527 N.E.2d 1114; *John-*

*son v. State* (1980), Ind.App., 409 N.E.2d 699.

Appellant also argues the evidence is insufficient to sustain his murder conviction. He contends the evidence shows he attempted to leave the bar until Martin grabbed him and the shooting was in self-defense.

■ The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or serious bodily injury. *Burse v. State* (1987), Ind., 515 N.E.2d 1383.

■ The jury was instructed on the defense of self-defense. To prevail on a claim of self-defense, appellant must have been in a place where he had a right to be, acted without fault, and acted in reasonable fear or apprehension of death or great bodily harm. *Hinkle v. State* (1984), Ind., 471 N.E.2d 1088. Whether a defendant acted in self-defense is a question of fact for the jury. When the evidence is conflicting, the jury may reasonably accept or reject the claim of self-defense. The jury must consider the evidence from the defendant's perspective to determine whether he faced apparent danger which caused him to fear death or great bodily harm. Looking to the facts most favorable to the verdict, it will not be overturned if substantial evidence of probative value exists to support it. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068.

■ In appellant's case, the record shows that he struck Gillespie in the mouth with his gun. After scuffling with Martin, Martin stepped away from appellant, and appellant fired two shots from his gun. From this evidence, the jury may have properly rejected appellant's self-defense claim. We find the evidence is sufficient to support his murder conviction.

Appellant argues the evidence is insufficient to support his other battery conviction because he did not intend to shoot Owens in the knee. He points out that Owens testified that she assumed appellant was shooting to defend himself.

■ The requisite culpability for the conviction of battery exists where the accused's conscious objective is to shoot another person or where he is at least aware of a high probability that, by his conduct of shooting, one of the bullets would strike another person. *Matthews v. State* (1985), Ind., 476 N.E.2d 847.

■ The jury was the judge of the conflicting evidence and determined that appellant demonstrated the intent to commit a battery. We will not reweigh the evidence. *Kremer, supra; Gatewood, supra.* The evidence is sufficient to support appellant's battery conviction.

■ Appellant argues the trial court erroneously admitted into evidence photographs of the victim. Exhibits Nos. 9 and 29 were photographs taken at the morgue which showed the victim's face and a sutured incision made in his chest during the attempt to conduct heart massage. A small amount of blood was visible in the photographs. Appellant contends that the photographs were gruesome, and because he did not dispute the fact that Martin was dead, their probative value was outweighed by their prejudicial effect.

■ The admission of photographs is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Photographs of a victim's corpse in a homicide case are relevant not only to prove his or her identity, but serve as an aid to understanding the pathologist's findings on the cause of death. *Brown v. State* (1987), Ind., 503 N.E.2d 405. Photographs showing the victim in his or her natural state following death are relevant and admissible. *Loy v. State* (1982), Ind., 436 N.E.2d 1125.

In appellant's case the photographs were relevant to show the nature of the victim's wounds. We find no error in their admission.

Appellant asserts that the jury's verdict was excessive. He believes that the jury would have convicted him of manslaughter and battery had they not been unduly influenced by the photographs in Exhibits Nos. 9 and 29.

The jury was instructed on the definition of "included offense" and on the elements of voluntary and involuntary manslaughter. We stated above that the photographs were properly admitted, and appellant's convictions were supported by the evidence. A guilty verdict will not be disturbed in such circumstances. *Burdine v. State* (1987), Ind., 515 N.E.2d 1085.

The trial court is affirmed.

PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., concurs but dissents as to Count I.

DeBRULER, J., concurs in result.