**Ned GRIGSBY, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 285S51.

Supreme Court of Indiana.

Feb. 2, 1987.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Felony-Murder and sentenced to life imprisonment. The conviction was affirmed in *Grigsby v. State* (1978), 267 Ind. 465, 371 N.E.2d 384.

Appellant filed his *pro se* petition for post-conviction relief on April 17, 1978. On August 13, 1979, appellant filed an amended *pro se* petition which alleged that his Sixth Amendment right to effective assistance of counsel was violated as a result of acts and omissions of his trial counsel. After conducting a hearing, the trial court denied appellant's petition.

■ To succeed on an ineffective assistance of counsel claim, appellant must demonstrate that counsel's actions or inactions fell outside the wide range of reasonable professional assistance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Appellant must also demonstrate that counsel's errors had an adverse effect upon the judgment. *Id.*

■ When reviewing such claims, this Court will not speculate about what may have been the most advantageous strategy in particular cases. Isolated poor strategy, inexperience or bad tactics do not necessarily establish ineffective assistance of counsel. *Hudson v. State* (1986), Ind., 496 N.E.2d 1286. When an ineffective assistance claim is predicated on counsel's failure to interpose an objection, appellant must demonstrate that a proper objection would have been sustained by the trial court. *Kimble v. State* (1983), Ind., 451 N.E.2d 302.

■ Appellant contends that trial counsel's assistance was ineffective because he failed to object to the court's Final Instruction No. 11. Appellant failed to establish that if counsel objected to Final Instruction No. 11 it would have been sustained. An examination of the record reveals that Final Instruction No. 11 was a standard instruction, informing the jury that they were the judge of the law as well as the facts. Appellant makes no argument as to why this instruction was defective nor does our examination disclose any defect. We see no evidence of incompetence of counsel in this regard.

Appellant next contends that trial counsel's assistance was ineffective because he failed to object to the question posed by the prosecutor to Trooper Henry as to whether appellant had taken a polygraph examination.

■ Generally, the results of a polygraph examination are inadmissible in a criminal prosecution absent a waiver or stipulation by the parties. *Evans v. State* (1986), Ind., 489 N.E.2d 942. This rule also prohibits testimony that a party was either offered or administered a polygraph examination. *Reese v. State* (1983), Ind., 452 N.E.2d 936.

■ Although counsel's objection to the prosecutor's question posed to Trooper Henry might have been sustained, appellant has failed to establish that counsel's failure to object harmed his cause. The answer given by Trooper Henry was that

appellant had not taken a polygraph examination. There was no elaboration on this statement. Again appellant makes no argument nor do we perceive any demonstration in this record that appellant was harmed by trial counsel's failure to object to the question.

Appellant next contends that trial counsel's assistance was ineffective because he failed to call a witness to testify regarding eyewitness' ability to observe appellant depositing decedent's body.

■ The decision whether to call a particular witness to testify on behalf of the defendant is a matter within trial counsel's strategy. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699. Absent a clear showing of prejudice, this Court will not declare counsel ineffective for failure to call a particular witness. *Id.*

■ The record demonstrates that appellant was arrested with decedent's car keys and that appellant's automobile was observed near the place where decedent's body was deposited. Counsel may have determined that appellant stood a better chance without the risk of such testimony. Appellant failed to demonstrate that counsel's failure to call the witness harmed his cause.

Appellant next contends that trial counsel's assistance was ineffective because he failed to obtain a check allegedly cashed by appellant on the day of the crime.

Appellant must prove he was prejudiced by demonstrating that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Geary v. State* (1986), Ind., 497 N.E.2d 228.

■ Appellant failed to establish that the result of the proceeding would have been different had the check been presented to the jury. In his brief appellant only makes a passing reference to "the source from which he obtained the monies which had been found upon his person at the time of his apprehension by the police". There is no further elaboration on this subject. We see nothing in this contention that demonstrates incompetency of counsel.

Appellant also contends that trial counsel's assistance was ineffective because he questioned appellant regarding prior criminal convictions.

■ It appears that counsel deliberately questioned appellant regarding his prior criminal record. Apparently counsel's strategy hinged on the inference that appellant's honesty in admitting the prior convictions would enhance the credibility of his testimony. Matters of strategy and judgment alone are insufficient to establish ineffective assistance of counsel. *Hestand v. State* (1986), Ind., 491 N.E.2d 976.

Finally, appellant contends the trial court erred by failing to make adequate findings of fact and conclusions of law, as required by Ind.R.P.C.R. 1, § 6.

■ In a post-conviction proceeding, the trial court is required to make specific findings of fact and conclusions of law sufficient to enable the reviewing court to dispose of the issues on appeal. *Robinson v. State* (1986), Ind., 493 N.E.2d 765.

■ Although the order of the judge at the post-conviction hearing was general in nature and lacked specificity, we do not find that a remand for more specific findings is warranted since the facts underlying appellant's claims are not disputed and the issues are sufficiently presented for review. *Id.; see Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

The trial court is in all things affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DEBRULER, J., concurs in result.