**Fred HEAD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 48S00-8606-CR-570.**

Supreme Court of Indiana.

Feb. 18, 1988.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Count I, Child Molesting, a Class B felony, for which he received a nineteen (19) year sentence; Count II, Child Molesting, a Class B felony, for which he received a twenty (20) year sentence, both sentences to run consecutively; and Count III, Child Molesting, a Class C felony, for which he received a five (5) year sentence to run concurrently with the above-mentioned sentences.

A police officer and a nurse, who interviewed and examined Z.G., testified about her description of appellant's sexual encounters with her, and their description of the incidents matched that of Z.G.

At trial, appellant's two former stepdaughters testified that he had engaged in sexual activity with them when he was married to their mother. The incidents they described were very similar to appellant's sexual encounters with Z.G.

Appellant first argues that the trial court erred by finding Z.G. to be a competent witness without requiring her to be psychiatrically examined. He asserts that because Z.G.'s mother was a prostitute she possibly could have been exposed to conduct of a lewd nature, imagined her molestation by appellant and believed these fantasies were in fact reality.

Children under ten years of age are incompetent witnesses unless it appears they understand the nature and obligation of an oath. Ind.Code § 34–1–14–5. "A child is competent if the court finds: (1) that the child knows the difference between telling the truth and telling a lie and (2) that the child knows she is under some compulsion to tell the truth." *LeMaster v. State* (1986), Ind., 498 N.E.2d 1185, 1187. Because of the trial court's opportunity to observe the child's intelligence, demeanor and maturity, the determination of a child's competency lies within its discretion. *Id.*

The trial court asked Z.G. whether she knew the difference between the truth and telling a lie, and she said: "Yes, when you tell a lie you go down to the devil and when you tell the truth you go to heaven." When asked whether she was going to tell the truth or a lie, Z.G. said she was going to tell the truth. The trial court asked her to give an example of someone telling a lie, which Z.G. did, then she was found to be fully competent to give testimony. We find no abuse of trial court discretion in its finding of Z.G.'s competency.

After several other witnesses had testified, Kathleen O'Daniel qualified as an expert as a counseling psychologist. She then properly testified as to the psychological makeup of Z.G. and expressed the opinion that Z.G. was not prone to prefabrication or to fantasizing. However, over the objection of appellant's counsel, the witness was permitted to expand on her views of Z.G.'s honesty to the extent of detailed examination of each portion of Z.G.'s testimony and repeatedly expressed the opinion that in each of these specific instances Z.G. was telling the truth. Appellant's counsel repeatedly objected and continuously pointed out to the trial court that this was invading the province of the jury.

This Court has recognized that there are special problems in assessing the credibility

of children who are called upon as witnesses to describe sexual conduct and that it is permissible to receive the testimony of an expert as to whether or not the child is prone to exaggerate or fantasize and also to express an opinion as to the child's ability to accurately describe a sexual occurrence. However, in allowing such testimony, this Court has also cautioned:

"Such opinions will facilitate an original credibility assessment of the child by the trier of fact, so long as they do not take the direct form of 'I believe the child's story', or 'In my opinion the child is telling the truth.'" *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 925.

We have previously held that in an adult rape case, it is highly improper for the State to place an expert on the witness stand and then essentially restate the State's case to the expert, eliciting the expert's opinion as to whether or not the witness is telling the truth or whether or not the defendant is guilty of the crime charged. *Ross v. State* (1987), Ind., 516 N.E.2d 61; *Reichard v. State* (1987), Ind., 510 N.E.2d 163. The principle of law laid down in *Ross* and *Reichard* is equally applicable to the case at bar.

Although it is entirely proper for the expert witness to state her opinion as to the general competence of the child witness and the child witness's ability to understand the subject, it was entirely improper for that same witness to review each item of the child's testimony and to specifically vouch for the truthfulness of such testimony. Such testimony was an invasion of the province of the jury in determining what weight they would place upon the child's testimony.

The trial court is reversed and this cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.