Peter ULRICH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 46A03–8904–CR–00130.

Court of Appeals of Indiana,
Third District.

Feb. 22, 1990.

W. Jonathan Forker, LaPorte, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Peter Ulrich appeals a jury trial conviction of rape, a Class B felony. Appellant, a high school special education teacher, was convicted of raping a former student. The 25–year–old victim had the mental age of a 7 to 9 year old and an I.Q. of 73.

State witness, psychiatrist Dr. Helen Morrison, gave the following testimony about the victim's ability to remember:

"Q  Now is that ability to be consistent in those areas, say for the remembering the say memorable or significant events in her life; is that significant in this case?

A It's significant in [the victim's] case. Significant in the context that intellec-

tually and educationally and at the chronological mental age at which [the victim] is functioning. The consistency of that memory indicates to me that she [sic] reliable and credible.

MR. FORKER: Your Honor, I object. This is invasion of province of the jury. And I move that that answer be stricken and that the jury be admonished.

THE COURT: Do you have any reasons why? Will you want to argue outside the jury?

MR. FORKER: Your Honor, the jury's function is to assess credibility and reliability, not the province of an expert witness' testimony. That's my objection regarding invading the province of the jury. Regardless of her expertise or alleged expertise, the cases clearly hold that that's not admissible.

THE COURT: Objection's overruled. You may continue, Doctor."

It is permissible to receive expert testimony as to whether or not a witness with childlike mental capabilities can consistently remember a sexual occurrence. In allowing such testimony the Indiana Supreme Court has cautioned:

" 'Such opinions will facilitate an original credibility assessment of the child by the trier of fact, so long as they do not take the direct form of "I believe the child's story", or "In my opinion the child is telling the truth." ' "

*Head v. State* (1988), Ind., 519 N.E.2d 151, 153, *quoting Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 925.

By stating that the victim was reliable and credible, the expert witness invaded the province of the jury. The trial court erred in failing to admonish the jury or strike the expert's answer after appellant's timely objection.

■ Appellant contends the trial court erred in prohibiting opinion testimony by defense witness, psychologist Dr. David Frank. The trial court sustained the State's objection to the following question:

"[D]o you have an opinion based upon a reasonable degree of psychological certainty as to whether those allegations of sexual activity by Pete are consistent with the profile and results you obtained from the MMPI; that you administered to and the clinical interview you conducted with Peter Ulrich[?]"

The M.M.P.I., Minnesota Multiphasic Personality Inventory, is a personality assessment test conducted by clinical interview. The M.M.P.I. consists of a series of questions to determine an individual's tendencies on ten clinical scales. Dr. Frank testified that appellant had a normal profile on the lie and psychopathic deviate scale and no abnormalities appeared on the other M.M.P.I. scales. Appellant's offer of proof revealed that in Dr. Frank's opinion the allegations were inconsistent with appellant's personality profile.

■ Where an expert is to give opinion testimony in the form of an answer to a hypothetical question, more than mere relevance is required to make the evidence admissible. A proper foundation must be laid which is two-fold. First, the expert's ability to give such an opinion must be established through testimony showing he has the requisite knowledge, skill, education or experience on which to base the opinion. Second, there must be a proper evidentiary foundation supporting the facts that are included in the hypothetical question. That is to say, a hypothetical question is proper if it embraces facts that have been placed into evidence. *Henson v. State* (1989), Ind., 535 N.E.2d 1189, 1191–1192.

The trial court did not err because the question asked to Dr. Frank involved facts not placed into evidence. The questions and answers from the M.M.P.I. and the clinical interview were not placed into evidence. The expert was allowed to describe his evaluation of the psychological tests given to appellant but was properly prohibited from answering if appellant's personality profile was consistent with the allegations.

Reversed.

BUCHANAN, J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority but write separately because of a question that may arise on retrial.

Under the *Frye*[1] standard, one of the prerequisites to eliciting expert opinion testimony is that the scientific principle or discovery upon which the expert relies for his conclusions must be sufficiently established to have gained general acceptance in the scientific community in that field.

In other words, if on retrial Ulrich again seeks to utilize Dr. Frank's testimony, a part of the necessary foundation for doing so would require that he establish that the Minnesota Multiphasic Personality Inventory test is generally accepted in the field of psychology as a valid indicator of the conclusions sought to be drawn from its administration to Ulrich.

1. *Frye v. United States* (D.C.Cir.1923), 293 F. 1013.