**Peter M. ULRICH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 46A03-9002-CV-48.**

Court of Appeals of Indiana, Third District.

June 11, 1990.

Rehearing Denied Aug. 23, 1990.

Peter M. Ulrich, LaPorte, appellant pro se.

Linley E. Pearson, Atty. Gen. and David Michael Wallman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Appellant pro se Peter M. Ulrich appeals revocation of his Indiana teacher's license. The facts indicate that on January 5, 1989 the Indiana State Board of Education on the recommendation of the Superintendent of Public Instruction revoked appellant's license. On August 8, 1989, the LaPorte Superior Court on petition for judicial review of agency action affirmed the State Board of Education's revocation. *See:* IND.CODE § 4–21.5–5–1 *et seq.* (1988 Ed.).

Appellant claims the State Board of Education erred in revoking his license when:

1) appellant did not receive the notice required by statute;

2) the statutory authority used to revoke appellant's license was unconstitutional; and

3) appellant's revocation was unsupported by sufficient evidence.

Appellant claims that the initial hearing notice failed to comply with the following requirements listed at IND.CODE § 4–21.5–3–20(c) (1988 Ed.):

"(2) The name, official title, and mailing address of any counsel or employee who has been designated to appear for the agency and a telephone number through which the counsel or employee can be reached.

\*        \*        \*        \*        \*        \*

(6) The name, official title, and mailing address of the administrative law judge and a telephone number through which information concerning hearing schedules and procedures may be obtained."

■ The complaint and notice of hearing filed October 7, 1988 was signed by David Michael Wallman, Section Chief—Federal Litigation for the Attorney General of Indiana, and the Superintendent of Public Instruction. On November 3, 1988, the State objected to appellant's motion for continuance. The certificate of service for the objection was signed by Wallman and included his address and phone number at the office of the Attorney General. At the January 5, 1989 hearing, Wallman represented the State Superintendent of Public Instruction before the State Board of Education. Appellant received adequate notice of the name, address and phone number of the legal counsel designated to appear for the State Superintendent of Public Instruction prior to the revocation hearing.

The complaint and notice of hearing filed October 7, 1988 notified appellant that charges had been filed with the Indiana State Board of Education and if the charges were valid the Board could revoke appellant's license. The State Board of Education is the ultimate authority for licensing of teachers in Indiana. IND. CODE § 20–6.1–3–1, 7 and IND.CODE § 4–21.5–1–15 (1988 Ed.). The ultimate authority of an agency may act as an administrative law judge. IND.CODE § 4–21.5–3–9(a)(1) (1988 Ed.). The State was not required to include notice of the name, official title, mailing address and telephone number of an administrative law judge when the full Board acted as an administrative law judge.

Appellant complains that he was improperly denied a prehearing conference. IND. CODE § 4–21.5–3–18(a) (1988 Ed.). On November 4, 1988, appellant requested a hearing on a motion for continuance. The State Board of Education scheduled the hearing on the motion for continuance on January 5, 1989. In a December 27, 1988 letter, appellant alluded to requesting a prehearing conference on the motion for continuance. Appellant did not formally request a prehearing conference in the November 4, 1988 letter. Appellant failed to attend the motion for continuance and revocation hearing held on January 5, 1989. There is no error on this issue.

The State Board of Education revoked appellant's license pursuant to the following statute:

"On the written recommendation of the superintendent of public instruction, the board may revoke a license for:

(1) immorality;

(2) misconduct in office ...

However, for each revocation the board shall comply with IC 4–21.5–3."

IND.CODE § 20–6.1–3–7(a).

Appellant contends the statute is unconstitutional "on its face" and "as applied" but fails to present any valid analysis for declaring the statute unconstitutional.

■ Appellant argues that the revocation was unsupported by substantial evidence. Appellant, a high school special education teacher, was convicted of raping a former student. Appellant was acquitted of a rape allegation against another former student. *Ulrich v. State* (1990), Ind.App., 550 N.E.2d 114, reversed appellant's jury trial conviction of rape, a Class B felony. The trial court erred in failing to strike

testimony of the State's expert witness. The expert invaded the province of the jury by stating that the victim was credible and reliable. *Id.* at 115.

At the January 5, 1989 revocation hearing, the State introduced into evidence a transcript of the victim's trial testimony describing the rape. The victim's testimony provided sufficient evidence of appellant's immorality and misconduct in office. The State Board of Education had sufficient evidence for the revocation.

Affirmed.

GARRARD and MILLER, JJ., concur.