**Mark P. OKULY, Appellant**
**(Defendant Below),**

**v.**

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 09A02–8911–CR–599** [1].

Court of Appeals of Indiana,
Third District.

June 27, 1991.

Transfer Denied Sept. 18, 1991.

**1.** This case was assigned to this office on May 17, 1991.

ZECK: In all the conversations I've had with (S.O.) and all the information I've asked her or confronted her with, ah, I believe that what she is telling me and she's telling the jury and the people in this courtroom is the truth.

Record, p. 219.

Okuly concedes that he offered no objection to the foregoing testimony. To circumvent the waiver of this issue, he asserts that the admission of Zeck's testimony constituted fundamental error.

■ Our supreme court has consistently found error where a witness was permitted, over a defendant's objection, to vouch for the veracity of a child victim. *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 125; *Head v. State* (1988), Ind., 519 N.E.2d 151, 153. Although a witness may permissibly testify that a child is not prone to exaggerate or fantasize and may express an opinion as to a child's ability to accurately describe a sexual occurrence, a witness may not directly opine that a child is telling the truth about the events at issue. *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 925. The ultimate factual determination of whether a charged incident actually occurred should be made by the trier of fact. *Douglas v. State* (1985), Ind.App., 484 N.E.2d 610, 612.

■ The abundant cases considering the accreditation of child victim testimony by another witness do not state that the admission of an opinion as to a child's veracity is fundamental error. We therefore review Okuly's allegation of error pursuant to our well-settled fundamental error analysis: (1) whether the error was a blatant violation of basic principles; (2) whether the harm or potential harm was substantial; and (3) whether the resulting error denied the defendant fundamental due process. *Wilson v. State* (1987), Ind., 514 N.E.2d 282, 284.

■ We have reviewed the record in its entirety and conclude that Ms. Zeck's testimony was not so prejudicial to Okuly as to deny him a fair trial.

Susan K. Carpenter Public Defender of Indiana, Teresa D. Harper Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Mark Okuly appeals his conviction for child molesting, a Class B felony.[2] He presents three issues for our review:

I. Whether fundamental error occurred when a witness testified that she believed the victim was telling the truth?

II. Whether the trial court erred in excluding Defendant's Exhibit A from evidence?

III. Whether the trial court considered an improper aggravating circumstance in enhancing Okuly's sentence?

We affirm.

On March 2, 1988, Okuly was charged with engaging in sexual intercourse with his eleven year old daughter S.O. On November 2, 1988, a jury convicted Okuly of child molesting, precipitating this appeal.

## I.

### Accreditation Testimony

Okuly asserts that fundamental error was committed when the following testimony was elicited from Dedee Zeck, an AFDC caseworker formerly assigned to S.O.'s case:

STATE: You've talked to (S.O.) quite a bit?

ZECK: Yes.

STATE: From those conversations with her, do you have an opinion about whether she tells you the truth or whether she lies to you?

ZECK: Yes, I do.

STATE: What's your opinion.

**2.** IND CODE 35–42–4–3.

We agree with Okuly that S.O.'s testimony was central to a determination of his guilt or innocence. However, the finder of fact did not receive a distorted, one-sided analysis of S.O.'s credibility. During direct examination, S.O. admitted that she had lied on a previous occasion. Record, p. 162. Defense counsel elicited testimony from Ms. Zeck concerning S.O.'s "reported" lying, as detailed in a document Ms. Zeck prepared. Record, p. 230. Moreover, both Okuly and his counsel expressed an opinion as to S.O.'s veracity:

COUNSEL: And, is it your testimony is that what she's told the jury today, is not truthful?

OKULY: Yes, it is.

COUNSEL: Has [S.O.] had trouble telling the truth over the years?

OKULY: Yeah, some.

Record, p. 262.

COUNSEL: [questioning S.O.] Is one of the reasons that it's hard for you to talk about it, [S.O.], is because it didn't happen. *It's a lie.*

Record, p. 208.

Although S.O.'s credibility was improperly bolstered by Ms. Zeck's testimony, Okuly was permitted to repeatedly assail the impression that S.O. was truthful. We cannot say that Okuly was denied a fair opportunity to meet the allegations against him. In short, he was not denied fundamental due process.

## II.

### *Exclusion of Defendant's Exhibit A*

Okuly next contends that the trial court erred in excluding a proffered exhibit allegedly describing S.O.'s behavioral problems. A trial court has broad discretion in ruling on the admissibility of evidence. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied.*

■ Okuly vigorously argues that defense witness Whitcomb, a Cass County Welfare Department supervisor, established the requisite foundation for admission of Defendant's Exhibit A as a business record. For admission under the business records exception to the hearsay rule, a document must be (1) identified by its preparer or one under whose supervision it is kept, (2) an original or first permanent entry, (3) made in the routine course of business, (4) at or near the time of the recorded transaction, (5) by one having a duty to record the information contained therein and personal knowledge of the transaction represented by the entry. *Harris v. State* (1990), Ind.App., 555 N.E.2d 495, 498.

■ Ms. Whitcomb had not prepared Defendant's Exhibit A or directed a person under her supervision to prepare it. She first saw Defendant's Exhibit A during her trial testimony. Upon examination of the document, Ms. Whitcomb testified that it was not in the format generally used in the Welfare Department's case files. She was uncertain why the document was prepared.

Okuly failed to establish that Defendant's Exhibit A was a Welfare Department document prepared by one having a duty to do so and having personal knowledge of the contents. The trial court did not abuse its discretion in excluding Okuly's proffered exhibit.

## III.

### *Sentencing*

■ On January 17, 1989, a fourteen year sentence was imposed upon Okuly. He claims that the sentencing court improperly considered his relationship to the victim as an aggravating factor supporting enhancement of the presumptive ten year sentence.

Okuly concedes that a sentencing court is not limited to consideration of statutory aggravating circumstances. *Evans v. State* (1986), Ind., 497 N.E.2d 919, 924. However, he argues that, because of a parent/child relationship, he received a sentence greater than that provided for upon conviction of incest.

Although Okuly's conduct could have led to a charge of incest, he was in fact charged with and convicted of child molest-

ing, a Class B felony. IND CODE 35–50–2–5 provides that the presumptive sentence for conviction of a Class B felony is ten years, to which up to ten years may be added upon a finding of aggravating circumstances.

The sentence imposed upon Okuly is within the limits authorized by statute. We will revise a sentence authorized by statute only where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Rules of Procedure, Appellate Rule 17(B)(1). We do not find that the sentence imposed upon Okuly was manifestly unreasonable.

Affirmed.

BUCHANAN, J., concurs.

MILLER, J., concurs in result.