**Thomas SIMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 32A01–9108–CR–239.**

Court of Appeals of Indiana,
First District.

May 26, 1992.

---

R. Mark Inman, Elizabeth K. Hayes, McShane & Inman, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Thomas Sims appeals his convictions of three counts of Child Molesting,[1] Class C felonies. We reverse and remand.

## ISSUE

We address only the dispositive issue on appeal:

Did Sims receive ineffective assistance of counsel by his attorney's failure to object to vouching testimony?

1. IND. CODE § 35–42–4–3.

## FACTS

On March 10, 1990, the victim, Z.G., and his family moved into the first floor of a two-story home, because their home had burned down. Sims lived on the second floor with his family. In June, Sims often took Z.G. on walks. Z.G. later told his mother, Julia Goss, that Sims had molested him during the walks. Julia did not immediately report the incidents. A neighbor heard about the alleged molesting and notified the Brownsburg police department. During an investigation, Z.G. related to Detective Susie Austin that Sims had frequently fondled him and shown him pornographic magazines. Sims was charged and convicted of three counts of child molesting. Other relevant facts will be presented in our discussion.

## DISCUSSION AND DECISION

Sims raises several arguments to establish that he received ineffective assistance of counsel; however, we address only one which requires a new trial. We evaluate ineffective assistance claims using a two-part test: first, the appellant must show that his counsel's performance was deficient, and second, that he suffered prejudice as a result. *Clark v. State* (1990), Ind., 561 N.E.2d 759, 762. The defendant has the burden of showing strong and convincing evidence to overcome the presumption of counsel's competence. *Jones v. State* (1989), Ind., 544 N.E.2d 492, 494.

Sims contends that his attorney was deficient by failing to object to vouching testimony which bolstered the victim's testimony and thereby prejudiced Sims. Frank Goss, the victim's father, testified as follows: "Q. When you first talked to [Z.G.] about this did you believe him? A. Yes. I still believe him" Record at 735–36. Sims complains that his attorney's failure to object constitutes ineffective assistance of counsel and amounts to reversible error.

When an appellant's claim is predicated on counsel's failure to object, the appellant must demonstrate that a proper

objection would have been sustained by the trial court. *See Hill v. State* (1990), Ind., 561 N.E.2d 784, 785. Sims relies upon *Stewart v. State* (1990), Ind., 555 N.E.2d 121, and *Ulrich v. State* (1990), Ind.App., 550 N.E.2d 114, *trans. denied,* to support his contention that an objection to Frank's vouching testimony would have been sustained. In *Stewart,* our supreme court reversed the defendant's convictions where a psychologist was permitted to testify, over the defendant's objection, that another witness was trustworthy. *Stewart,* 555 N.E.2d at 125. Similarly, the *Ulrich* court found reversible error by the court's admission of a psychiatrist's testimony that the victim was reliable and credible. *Ulrich,* 550 N.E.2d at 115. The *Ulrich* court determined that the vouching testimony invaded the province of the jury, and the trial court erred in failing to admonish the jury or strike the answer after the defendant's timely objection. *Id.* In *Stewart* and *Ulrich,* the courts found the admission of the impermissible vouching testimony despite the defendants' objections required reversal. These cases support Sims's assertion that if his trial counsel had objected to Frank's vouching testimony, the objection would have been sustained.[2] Sims has met his burden of showing that his trial counsel's performance was deficient and prejudicial. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

SHARPNACK, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

If Don Quixote de la Mancha were alive today, he would find the dragons he saw in the windmills of 17th century Spain re-

placed with the rule that the admission of vouching testimony is not reversible error absent a proper objection at trial. As the majority acknowledges, this court has consistently held that the admission of vouching testimony is not fundamental error, and a failure to object to vouching testimony waives the issue on appeal. *Okuly v. State* (1991), Ind.App., 574 N.E.2d 315, *trans. denied; Kelley v. State* (1991), Ind.App., 566 N.E.2d 591. Today's decision, however, holds that the failure to object to vouching testimony constitutes ineffective assistance of counsel.

Don Quixote would therefore applaud Sims's tactics in this appeal: knowing the dragon was invulnerable to frontal assault on grounds of fundamental error, Sims appears to have slain the beast from behind on grounds of ineffective assistance of counsel. Like Sancho Panza, however, I remain skeptical, and therefore respectfully dissent from the decision of my colleagues.

To prevail on his ineffective assistance claim, Sims faced two hurdles: first, he had to show his counsel's performance was deficient; second, he had to show counsel's deficient performance prejudiced him. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Clark v. State* (1990), Ind., 561 N.E.2d 759, 762. Although the majority acknowledges this is the rule, it has, in my view, nonetheless allowed Sims to prevail without making either showing.

## DEFICIENT PERFORMANCE

When a claim of ineffective assistance of counsel is based on trial counsel's failure to object to the admission of evidence, the appellant must first show that a proper objection would have been sustained.

---

**2.** We note two recent decisions on vouching testimony. In *Kelley v. State* (1991), Ind.App., 566 N.E.2d 591, 593, Judge Barteau rejected Kelley's allegation of error claiming improper vouching testimony required reversal. Kelley's counsel failed to object to a therapist's testimony that the victim was telling the truth. The appellate court determined that no fundamental error had occurred. *Id.* Likewise, in *Okuly v. State* (1991), Ind.App., 574 N.E.2d 315, 316–17,

*trans. denied,* Judge Staton found that Okuly had not established fundamental error by the improper vouching testimony about the victim's truthfulness. Although the testimony was improper, no fundamental error resulted because Okuly was able to assail the impression that the victim was truthful. *Id.* at 317. We distinguish *Kelley* and *Okuly* because those appellants alleged only fundamental error and did not attack the effectiveness of counsel as Sims does here.

*Grigsby v. State* (1987), Ind., 503 N.E.2d 394. In the present case, then, Sims had to show that the trial court would have sustained a proper objection to the vouching testimony. As the majority holds, Sims met this initial burden. *See Stewart v. State* (1990), Ind., 555 N.E.2d 121; *Ulrich v. State* (1990), Ind.App., 550 N.E.2d 114, *trans. denied.* It does not necessarily follow, however, that a failure to object to improper testimony constitutes deficient performance. There is a strong presumption that counsel "made all significant decisions in the exercise of reasonable professional judgment," *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385, 1387, and I would adhere to that presumption here for what I view as a compelling reason.

The witness who gave the vouching testimony was the father of the eight year old victim. He was a 39 year old man with four young children, who had lost his home to fire and his business to several debilitating diseases, including hypertension, sarcoidosis, diabetes, arthritis, and glaucoma. For defense counsel to jump up and remind the judge that this very sympathetic witness was incompetent to say his small victimized child was telling the truth would have been to run a strong risk of incurring the jury's wrath. Moreover, even if such an objection had not aroused the jury, it could have called unnecessary attention to the testimony. *See McCollum v. State* (1991), Ind., 582 N.E.2d 804, 811.

In a trial, as in life, there is a distinction between what one has a right to do and what is right to do. Here, trial counsel unquestionably had a right to object successfully to the father's vouching testimony. Instead, he decided the right tactical decision was not to object. It is not our province to speculate on the efficacy of trial tactics, *Murphy v. State* (1985), Ind., 477 N.E.2d 266, 268, and I can see no deficient performance in trial counsel's decision.

### PREJUDICE

Even if the proscription against vouching testimony were so strong that a failure to object could necessarily be deemed defi-cient performance, it is nonetheless incumbent on the appellant to show prejudice. Contrary to what the majority seems to imply, merely demonstrating that a proper objection would have been sustained does not establish prejudice. *See McCollum, supra* at 811. The appellant must still show that, but for counsel's deficient performance, the result of the proceedings would have been different. *Id* at 810. In my opinion, Sims has failed to demonstrate prejudice here.

First, the evidence before the jury was more than sufficient to convict Sims. More important, however, trial counsel thoroughly cross-examined both the victim and the victim's father, attacking the victim's inconsistency, *Record* at 374–75, the father's use of alcohol, *Record* at 743–54, the father's inconsistency, *Record* at 764–65, 768–69, and the degree of trust and candor between the victim and his father. *Record* at 776–784. The last element is especially critical: by attempting to show the victim had been less than forthright with his father about the incidents of molestation, trial counsel was attempting, among other things, to punch holes in the strength of the father's vouching testimony. *See Okuly, supra* at 317.

In light of trial counsel's defense, any taint in the proceedings caused by the father's vouching testimony was not significant enough to affect the trial's outcome. I see no prejudice.

### PRACTICAL CONCERNS

In addition to my disagreement with the majority's disposition of this case, I am concerned with the long term effects of today's decision. Claims of ineffective assistance of counsel are to be resolved on a case by case basis, in light of the facts of each case. *Murphy, supra* at 268. In this case, however, the majority has effectively adopted a *per se* rule that failure to object to vouching testimony constitutes ineffective assistance of counsel warranting a new trial, and has thereby consigned the criminal trial process to two unnecessary evils.

First, our trial judges, who will read and learn today's decision, will be faced with

three unpalatable alternatives when vouching testimony is offered without objection: 1) *sua sponte* admonish the jury to ignore the vouching testimony or ask if defense counsel has any objection to the testimony; 2) *sua sponte* declare a mistrial since, if the jury convicts, reversal is guaranteed, or; 3) let the case go to the jury, and if the jury convicts, leave space on the docket for the retrial since, again, reversal is guaranteed.

Second, today's decision places an ill-advised weapon in defense counsels' strategic armories. If counsel for a criminal defendant has a strong suspicion the client will be convicted, a bit of vouching testimony from a prosecution witness will be like manna from heaven: sit back, decline to object, let someone else take the appeal, tolerate being called ineffective, and hope that the passage of time will either cow the State into foregoing a retrial, or so attenuate the State's case that a retrial will result in an acquittal. To the extent this scenario is followed, the counsel we in the appellate courts call ineffective may, in fact, be among the most effective.[1]

CONCLUSION

In my view, Sims has failed to demonstrate either that his trial counsel's performance was deficient or that, even if it was, he suffered any prejudice. Moreover, today's adoption of a *per se* rule raises problems that can plague us for years to come.

---

**1.** In raising this scenario, I do not imply any lack of scruples or professional ethics on the part of defense counsel. "[C]riminal defense attorneys and public defenders perform a valuable and highly respected service to the judicial process." *Bardonner v. State* (1992), Ind.App., 587 N.E.2d 1353, 1361, n. 8, *trans. denied.*

I do not see a conscious decision not to object as a violation of defense counsel's duties of candor to the court under Ind.Prof. Conduct Rule 3.3 and fairness to opposing counsel under Ind.Prof. Conduct Rule 3.4. Rather, I view it as simply another element of defense counsel's duty of zealous advocacy on behalf of the client. If the State introduces vouching testimony after today, both the State and we who crafted today's rule will have to live with the consequences of defense counsel who rightly use the rule to their clients' advantage.