Joseph KING, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9112–CR–411.

Court of Appeals of Indiana,
Fifth District.

Aug. 31, 1992.

Transfer Denied Oct. 23, 1992.

Thomas W. Farlow, Robert W. Wright, Locke Reynolds Boyd & Weisell, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Fifty-five-year-old Joseph King was convicted of two counts of child molesting as Class C felonies[1] and one count of child molesting as a Class D felony[2] involving his fourteen-year-old stepdaughter K.G. and his four-year-old step granddaughter C.S. King now appeals his convictions alleging the trial court erred in giving various jury instructions and that he received ineffective assistance of counsel. We affirm because the jury instructions were properly given and King was adequately represented at trial.

The record reveals King had been molesting K.G., who was fourteen at the time of trial, since she was about ten or eleven years of age. On one occasion, during the spring of 1990, King fondled K.G.'s breast over her clothing and on another occasion King fondled K.G.'s vagina underneath her clothing. The record also reveals King touched C.S.'s vagina when she was three years old. C.S. was four at the time of trial.

---

1. Ind.Code § 35–42–4–3(c).

2. Ind.Code § 35–42–4–3(d).

## I.

King first challenges the trial court's Jury Instruction No. 12 which dictates:

Evidence of other criminal offenses alleged to have been committed by the Defendant has been introduced. The Defendant is not on trial for the other offenses. You may consider this evidence for what you think it is worth, if anything, for the purpose of showing intent, motive, or depraved sexual instinct of the Defendant in doing the acts for which he is charged, if you find from the evidence that the Defendant did the acts charged.

*Record* at 117. Although King objected to the giving of this instruction, he failed to tender his own instruction to correct any inadequacy. He has therefore waived any alleged error. *Ward v. State* (1988), Ind., 519 N.E.2d 561.

However, waiver notwithstanding, King's argument lacks merit. Twenty-nine-year-old A.K., another stepdaughter of King, testified that King began fondling her when she was eight years of age and continued his behavior until she was twelve years of age. The trial court's instruction is a correct statement of the law, is supported by the evidence, and this court has specifically approved the precise language in the instruction quoted above. *See McNeely v. State* (1988), Ind.App., 529 N.E.2d 1317, 1322–1323. We find no error here.

King next challenges the trial court's Jury Instruction No. 15 which advised the jury that it must find the defendant not guilty if it had a "reasonable doubt as to the guilt of the crime charged or any offense included thereunder." *Record* at 120. King complains the instruction gives no guidance concerning the meaning of the phrase "any offense included thereunder." King points out the jury heard testimony of uncharged criminal acts and therefore the instruction was misleading because it permitted the jury to convict him of those other crimes. We disagree.

Jury instructions are not to be considered in isolation, but rather as a whole and with reference to each other. *Rein-*

*bold v. State* (1990), Ind., 555 N.E.2d 463; *Lopez v. State* (1988), Ind., 527 N.E.2d 1119. Here, the trial court's instructions Nos. 2, 3, 6, and 7 informed the jury of the crimes with which King was charged, the elements of those crimes, and that the State must prove each of the elements beyond a reasonable doubt. *Record* at 103, 108–09. Instruction No. 12 specifically advised the jury "evidence of other criminal offenses alleged to have been committed by the Defendant has been introduced. The Defendant is not on trial for the other offenses." *Record* at 117. When considered as a whole, the instructions do not infer that King may be convicted for uncharged crimes. We find no error.

King also challenges Instruction No. 14 which advised the jury that "[a] conviction may be sustained by the uncorroborated testimony of a single eyewitness." *Record* at 119. Without citation to authority, King complains the instruction invades the province of the jury because it focuses on the testimony of one witness.

The challenged instruction is a correct statement of the law, *McKinney v. State* (1990), Ind., 558 N.E.2d 829, and this court has held the giving of the instruction does not unduly emphasize the testimony of one witness over other evidence presented at trial. *Mullins v. State* (1985), Ind.App., 486 N.E.2d 623. There is no error here.

## II.

King next argues his convictions should be reversed because he received ineffective assistance of counsel. According to King, his counsel either elicited or failed to object to vouching testimony, elicited or failed to object to unduly prejudicial evidence, elicited cumulative testimony, and failed to object to the trial court's comments on the evidence.

In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate on appeal that 1) counsel's representation fell below an objective standard of reasonableness, and 2) the deficient performance so prejudiced the

appellant as to deprive him or her of a fair trial. *Steele v. State* (1989), Ind., 536 N.E.2d 292, following *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. This court recognizes a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. *Dillon v. State* (1986), Ind., 492 N.E.2d 661.

■ In its case in chief, the State introduced and read into evidence the pre-trial statement of K.G. King argues the statement is replete with supposition, hearsay and other inadmissible and prejudicial matters including vouching testimony on behalf of the victim C.S.[3] Therefore, King concludes, trial counsel's failure to object to its admission into evidence represents ineffective assistance of counsel. We do not agree for two reasons.

First, the statement was introduced through Marcus Kennedy, the investigating officer who questioned K.G. During cross examination, trial counsel attempted to demonstrate that the statement lacked credibility and the officer should have rejected it and conducted a more thorough and independent investigation. Second, when K.G. testified in this case, trial counsel vigorously cross examined her and attacked her credibility by demonstrating the inconsistencies between K.G.'s pre-trial statement and her trial court testimony. Counsel's decision not to object to the introduction of K.G.'s statement was a tactical maneuver which this court will not second guess. *Olson v. State* (1990), Ind., 563 N.E.2d 565.

■ King next assaults trial counsel's cross-examination of two of the State's witnesses. During the cross-examination of Michelle Stephney, the mother of the victim C.S., the following exchange occurred:

Q. Why would she testify in the first place?

A. Because I told her she should testify.

Q. Because you are bringing this case, aren't you?

**3.** In his brief, King assails the taped statement of Michelle Stephney. *Appellant's Brief* at 23. Our review of the record shows King is in error

A. Right.

Q. That's right.

A. Why would I just want to hurt my mother and my stepfather who I love? Tell me that. Why would I do that?

Q. Well—

A. He's—you stated he has taken care of us for five years. Why would I want to hurt my step-father? Huh? Tell me that. Why would I want to bring this between me and my mother? *If I didn't know that my daughter and my little sister was telling me the truth.* [ ...]

*Record* at 644–45. (Emphasis added.) During the cross examination of Officer Kennedy concerning the testimony of C.S. the following exchange took place:

Q. Okay. Have you ever been in court when she has testified under oath prior to yesterday that Pa–Paw [King] never touched her?

A. She stated both occasions, she stated on the 18th when we had Court here that, yes, he had. And she said, no, he hadn't.

Q. Okay. So she's two different versions of the same identical question?

A. Yes.

Q. Okay. Now when—does that, in your mind, raise any question of whether the victim is telling the truth if they give you two separate answers to the identical question?

A. She's only three. So she might become confused on the way the questions are presented to her.

Q. Well, identical questions, two opposite answers. You believe that's confusion?

A. I believe something happened to her. Yes.

Q. Okay. So you believe that her testimony—you believe something happened to her. Right?

A. *I believe that the defendant touched her. Yes.*

and is apparently referring to the taped statment of K.G. Michelle is the mother of the victim C.S. and sister of the victim K.G.

Q. Well, if she says that he didn't would you believe that?

*Record* at 894. (Emphasis added.)

King argues the foregoing exchanges demonstrate that trial counsel elicited testimony from two witnesses as to whether the victims were telling the truth. According to King, trial counsel's failure to object to the testimony or move to strike it constitutes ineffective assistance of counsel. In support of his position, King cites numerous cases standing for the proposition that Indiana law clearly prohibits a witness in a child molest case from vouching for the truthfulness of a child victim.

We have no quarrel with the proposition that in this jurisdiction adult witnesses may not make direct assertions concerning their belief in a child's testimony. "Such vouching invades the province of the jury to determine what weight to place on the child's testimony." *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 125 citing *Head v. State* (1988), Ind., 519 N.E.2d 151. However, this general proposition is not applicable to the case before us. Our research reveals that in those instances where an appellant's conviction has been reversed because of impermissible vouching testimony, either the trial court allowed the State to introduce the testimony over defendant's timely objection, or the State introduced the testimony and defendant failed to object. *See Stewart, supra; Head, supra; Sims v. State* (1992), Ind. App., 591 N.E.2d 1044; *Ulrich v. State* (1990), Ind.App., 550 N.E.2d 114; *Thompson v. State* (1988), Ind.App., 529 N.E.2d 877, *trans. denied; Douglas v. State* (1985), Ind.App., 484 N.E.2d 610.

▬▬▬ The connecting thread woven through the fabric of the foregoing cases is that the vouching testimony was elicited on direct examination and was specifically offered to bolster the credibility of the child victim. Here, the vouching testimony was obviously not elicited to bolster the credibility of C.S. To the contrary, the testimony evolved during cross-examination with an effort by trial counsel to impeach C.S.'s credibility. This effort does not amount to ineffective assistance of counsel. Rather,

the nature and extent of cross-examination is a matter of strategy delegated to trial counsel. *Osborne v. State* (1985), Ind., 481 N.E.2d 376. Obviously, counsel's strategy did not work in this instance. However, deliberate choices by some attorneys for some tactical or strategic reason do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choices ultimately prove to be detrimental to the defendant. *Berry v. State* (1985), Ind., 483 N.E.2d 1369.

▬▬▬ Next, King asserts his trial counsel was ineffective for failing to object to A.K.'s testimony concerning King sexually assaulting her when she was a young child. King acknowledges that such testimony is admissible under the depraved sexual instinct exception to the general rule prohibiting evidence of extrinsic offenses. *Settle v. State* (1988), Ind. 526 N.E.2d 974. However, King invites this court to reexamine the exception and abandon it. We decline the invitation. Moreover, when an appellant's claim of ineffective assistance of counsel is predicated on a failure to object, the appellant must demonstrate that a proper objection, if made, would have been sustained by the trial court. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. In this case, had trial counsel objected to the testimony of A.K. concerning King's sexual assault on her, the objection would have been properly overruled. King has failed to demonstrate trial counsel rendered ineffective assistance on this issue.

▬▬▬ King continues that A.K.'s testimony was otherwise harmful to him as a result of trial counsel's inadequacies. During direct examination by the State, A.K. began offering testimony concerning extrinsic offenses committed by King which were unrelated to motive, intent, design, common plan or scheme, or depraved sexual instinct. Counsel objected to the testimony and the objection was overruled. Counsel then moved for mistrial and the motion was denied. The trial court allowed the testimony into evidence indicating counsel had opened the door to that line of questioning. King contends "If such evidence was made admissible because of [tri-

al counsel's] questioning, King was thereby denied effective assistance of counsel." *Appellant's Brief* at 23. We disagree. Even assuming counsel opened the door to otherwise inadmissible evidence, he took immediate and appropriate action in attempting to exclude it. We find no ineffective assistance of counsel here.

Next, King complains that counsel repeatedly presented the victims' version of the molestations to the jury. King points to counsel's cross examination of various witnesses and his use of documents introduced into evidence. The documents as well as the testimony presented varying versions of the victims' account of the charged crimes. In support of his argument, King cites *Stone v. State* (1989), Ind.App., 536 N.E.2d 534, where this court held it error to allow the drumbeat repetition of six witnesses to corroborate the testimony of a child molest victim.

King's reliance on *Stone* is misplaced. Here, not only was there no verbatim "drumbeat repetition" but more importantly trial counsel obviously was not attempting to corroborate the victims' testimony. To the contrary, he was attempting to discredit their testimony. One method of accomplishing this end is to attract attention to the victims' account of events and then point out its inconsistencies. A deliberate choice made by an attorney for a tactical or strategic reason does not establish ineffective assistance of counsel even though the choice may be subject to criticism or the choice ultimately proves to be detrimental to the defendant. *Berry v. State* (1985), Ind., 483 N.E.2d 1369. King has failed to demonstrate ineffective assistance of counsel on this issue.

Finally, King claims that his counsel's failure to object to certain comments made by the trial judge constitutes ineffective assistance of counsel. King directs our attention to various portions of the record where, according to King, the judge's comments denigrated counsel and prejudiced King's defense. In support of his argument King cites *Kennedy v. State* (1972), 258 Ind. 211, 280 N.E.2d 611, for the proposition that the judge must refrain from any actions indicating impartiality. *Kennedy* provides King no refuge in his claim of ineffective assistance of counsel.

In *Kennedy*, the trial judge interrogated and cross examined several defense witnesses in a highly argumentative fashion. Our supreme court observed the jduge had in effect "removed his robes and donned the cap of the prosecutor." *Id.* 280 N.E.2d at 618. Here, the trial judge did not cross examine witnesses or assume the role of prosecutor. Rather, many of his comments were directed toward defense counsel as well as the prosecutor and reflected the judge's impatience and frustration with a trial that was not moving as smoothly and efficiently as the judge may have desired. At one point, the trial judge acknowledged his impatience and reminded the jury that his comments were not evidence. *Record* at 930–31. Further, counsel may have reasonably determined that it was not in his client's best interest to raise repeated objections to the trial judge's comments thereby distracting the jury and hampering counsel's effort to present the defense theory of the case. King has failed to carry the burden of proving ineffective assistance of counsel.

Judgment affirmed.

SHARPNACK and MILLER, JJ., concur.