**Jesus Moreno ROBLES, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A05–9210–CR–348.**

Court of Appeals of Indiana, Fifth District.

April 19, 1993.

James F. Stanton, Lake Superior Court, Appellate Div., Crown Point, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Defendant-appellant Jesus Moreno Robles appeals his conviction for Child Molesting, a Class B Felony.[1] On appeal Robles raises four issues for our review which we consolidate and rephrase as: Whether Robles was denied effective assistance of counsel. We affirm.

For nearly five years Robles lived with Eva Copeland and her two daughters J.R. and A.C. On May 17, 1991, Eva entered the living room and observed Robles kneel-ing on the floor in his underwear with his hand inside the pants of seven-year-old J.R. Eva became hysterical, immediately took the child into the bedroom where J.R. told her that Robles had his finger "in her butt." Later, Eva questioned six-year-old A.C. who told her that Robles had molested her as well. Robles was arrested and charged with two counts of child molesting. After a trial by jury he was convicted on both counts. However, acting as a thirteenth juror, the trial court vacated the conviction concerning A.C. because of insufficient evidence. Robles was sentenced to nine years imprisonment. He now appeals.

Robles contends his conviction should be reversed because he received ineffective assistance of counsel. Robles complains his trial counsel: (1) failed to timely object to hearsay evidence, (2) failed to move for directed verdict, (3) elicited vouching testimony from a state's witness, and (4) commented on the vouching testimony during closing argument.

When reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *Dillon v. State* (1986), Ind., 492 N.E.2d 661. On appeal of a criminal conviction the defendant has the burden to rebut the presumption of competence with strong and convincing evidence. *Burr v. State* (1986), Ind., 492 N.E.2d 306. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show 1) counsel's representation was deficient and 2) the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Steele v. State* (1989), Ind., 536 N.E.2d 292, *citing Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. We will not reverse unless defendant establishes that but for counsel's errors, the result of the proceeding would have been different. *Steele, supra.*

During the State's case-in-chief, the prosecutor began questioning A.C.'s mother about statements A.C. made to her con-

1. Ind.Code § 35–42–4–3.

cerning Robles. The witness partially responded but before she could complete her answer the trial judge called the attorneys to the bench and informed them that he thought the testimony was hearsay. At that point defense counsel objected, the trial court sustained the objection, ordered the answer stricken from the record and admonished the jury to disregard the answer.

Robles complains the judge made the objection rather the trial counsel and although an admonishment was given, the damage was already done. According to Robles, this combination of events affected his substantial rights. We do not agree. Robles has not shown how counsel's failure to make timely objection amounts to deficient performance, and even if such a showing had been made, Robles has failed to demonstrate any prejudice. In cases involving simple irregularities such as counsel asking questions calling for hearsay answers, there is a strong presumption that the jury was able to follow the admonishments of the trial court to disregard any hastily given answers. *Pillow v. State* (1985), Ind., 479 N.E.2d 1301, 1306. Robles has failed to demonstrate ineffective assistance of counsel.

■ Robles' complaint concerning trial counsel's failure to move for directed verdict on the charge of molesting A.C. is equally unavailing. First, at the time of sentencing, the trial court vacated the conviction. Second, the failure to move for a directed verdict does not create sufficient prejudice to result in a finding of ineffective assistance of counsel. *Hunter v. State* (1991), Ind., 578 N.E.2d 353, 357, *reh. denied.*

■ Nor did trial counsel render ineffective assistance by eliciting so-called "voucher" testimony from a State's witness and commenting on that testimony during closing argument.

The record reveals during its case-in-chief the State called as a witness Pamela Carpenter, a social worker with expertise in counseling victims of child abuse. Because of intervention by the trial judge, Carpenter was not permitted to discuss specific conversation she may have had with the victims. Rather, the witness described her general counseling procedure, the various behavioral characteristics child victims of sex abuse exhibit, and testified about the sessions she had conducted with A.C. and J.R. The witness concluded "I have had no indication that they engaged in any fantasy or any lying behavior." *Record* at 329.

On cross-examination trial counsel questioned Carpenter on specific conversations she had with the children including their account of being molested by Robles. Counsel also asked Carpenter if she believed the children were telling the truth; Carpenter responded that she believed them. During final argument counsel highlighted Carpenter's testimony. Robles asserts that counsel's conduct was deficient and was determinative of the outcome of this case.

■ As a general proposition adult witnesses may not make direct assertions concerning their belief in a child's testimony. "[S]uch vouching invades the province of the jury to determine what weight to place on the child's testimony." *Stewart v. State* (1990), Ind. 555 N.E.2d 121, 125 citing *Head v. State* (1988), Ind., 519 N.E.2d 151. However, where such testimony is elicited by the defense on cross-examination the general proposition must yield. *King v. State* (1992), Ind.App., 598 N.E.2d 589, *trans. denied* (counsel did not render ineffective assistance by eliciting vouching testimony on cross-examination because the questioning was designed to discredit the testimony of the victim). Rather, the nature and extent of cross-examination is a matter of strategy delegated to trial counsel. *Id.* Deliberate choices by some attorneys for some tactical or strategic reason do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choices ultimately prove to be detrimental to the defendant. *Berry v. State* (1985), Ind. 483 N.E.2d 1369.

In this case, trial counsel attempted to show Carpenter's conclusion that the minor victims did not exhibit any fantasy or lying

behavior was based on false assumptions and inconclusive observations. In his closing remarks, counsel argued that Carpenter did not conduct an objective investigation but instead looked only for evidence which would support a finding of molestation. The nature of counsel's cross-examination and closing argument were simply matters of strategy that obviously did not work. Robles has failed to demonstrate that trial counsel's representation fell below the wide range of reasonable professional assistance.

Judgment affirmed.

BARTEAU and CHEZEM, JJ., concur.