James W. EDGIN, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A03–9505–PC–165.

Court of Appeals of Indiana.

Nov. 16, 1995.

Rehearing Denied Feb. 7, 1996.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General, James A. Joven, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

James Edgin ("Edgin") appeals the denial of his petition for post-conviction relief following his convictions for three counts of child molesting, a class B felony.[1] On appeal, Edgin presents the sole issue of whether the post-conviction court erred in denying his petition.

We affirm.

The facts most favorable to the judgment reveal that a jury convicted Edgin of three counts of child molesting in January 1987. His conviction was affirmed by this court on direct appeal in a memorandum decision. In his petition for post-conviction relief, Edgin alleged that he was denied effective assistance of trial and appellate counsel. After a hearing, the post-conviction court issued its findings denying Edgin's petition.

Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a pre-

---

1. IND.CODE § 35–42–4–3 (1993).

ponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 917, *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

■ To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) the performance of his counsel was deficient and (2) he was adversely prejudiced as a result of that deficient performance. *Lowery v. State* (1994), Ind., 640 N.E.2d 1031, 1046, *reh. denied.* The defendant must show that the performance was so prejudicial that it deprived him of a fair trial. *Id.* at 1046–47. Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1372.

■ Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 123, *reh. denied* (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674).

■ Edgin alleges that his trial counsel was ineffective because he failed to properly object to testimony by a detective that the victims "seemed very credible." Trial counsel objected to the testimony on the basis that it was narrative. However, Edgin contends that he should have objected to that statement on the basis that it was improper "vouching" testimony and requested that the jury be admonished to disregard it.

■ When a defendant alleges failure to properly object as the basis for his ineffective assistance of counsel claim, he must show that a proper objection would have been sustained by the trial court. *Lowery, supra,* at 1042. Absent such a showing, the petitioner cannot prevail. *Id.*

■ Neither lay nor expert witnesses are permitted to testify concerning the credibility of another witness. *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 125. In the context of a child molestation case, a witness is permitted to testify concerning the child's general competence, tendency to exaggerate, and ability to understand sexual matters. *Id.* However, the witness cannot make any direct assertions concerning his belief in the child's testimony. Only the jury can determine the weight to give to testimony. *Id.* Therefore, Detective Lawson's statement concerning the children's credibility amounted to improper vouching testimony. An objection to the testimony would have been sustained.

■ Our inquiry does not end here, however. In addition to showing that a proper objection would have been sustained, Edgin must also show that his attorney's failure prejudiced him and deprived him of a fair trial. *Lowery, supra,* at 1046. This court has previously held that when a defendant is given an opportunity to cross-examine the victim and other witnesses concerning the victim's credibility, he is not denied a fair trial. *Okuly v. State* (1991), Ind.App., 574 N.E.2d 315, 316–17, *trans. denied. See also, Kelley v. State* (1991), Ind.App., 566 N.E.2d 591, 593 (failure to object to vouching testimony does not affect fairness of trial or result in fundamental error). Even when the victim's testimony is central to the issue of the defendant's guilt or innocence, the defendant is not prejudiced so long as the finder of fact does not receive a one-sided view of the victim's credibility. *Id.* at 317.

Even though Detective Lawson's statement was improper, Edgin was not so adversely prejudiced by it that he did not receive a fair trial. His attorney had the opportunity to cross-examine Detective Lawson. In addition, Edgin's attorney questioned both the children and their mother concerning the defendant's report to the child welfare officials which resulted in the children being removed from their mother's custody. All of this evidence concerning the children's credibility and bias was available for the jury to weigh against Detective Lawson's statement. Therefore, we conclude that Edgin was not adversely prejudiced by his attorney's failure to object to the vouch-

ing testimony. He therefore received a fair trial. *See Sims v. State* (1992), Ind., 601 N.E.2d 344, 345.

Edgin next alleges that his appellate counsel was ineffective because he failed to raise the issue of ineffective assistance of counsel on his direct appeal. The standard of review for ineffective assistance of appellate counsel is the same as that for trial counsel. *Lowery, supra,* at 1048. However, since we conclude that trial counsel was effective, there was no error for the appellate counsel to raise. Appellate counsel cannot be held ineffective for failing to raise non-existent error. *Burris v. State* (1992), Ind. App., 590 N.E.2d 576, 579, *trans. denied.*

Because defendant was not denied effective assistance of counsel, he has not met his burden of showing that the evidence leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. Therefore, we will not disturb the judgment of the post-conviction court.

Affirmed.

HOFFMAN, J., concurs.

ROBERTSON, J., concurs in result without separate opinion.