Robert L. **KREMER**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 10S00–8607–CR–659.

Supreme Court of Indiana.

Nov. 10, 1987.
Rehearing Denied Jan. 26, 1988.

Stephen J. Beardsley, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder and Robbery, a Class A felony. Appellant received a thirty (30) year sentence for Robbery and a forty (40) year sentence for Murder, enhanced by thirty (30) years due to a finding that he was an habitual offender. Appellant's sentence for Robbery is to be served concurrently with his sentence for Murder.

The facts are: Clarence Hartson was a drug dealer who conducted his business from his trailer in a remote area near Otisco, Indiana. He and his live-in girl friend Rhonda Donahue were dependent upon drugs. They would inject cocaine several times a day and would go five or six days at a time without sleeping or eating.

Hartson became appellant's cocaine supplier. For approximately two months, appellant visited Hartson every day to shoot cocaine with Hartson and Donahue. Appellant would either pay Hartson for the drugs as he used them or he would obtain them "on credit."

Hartson had several guns, thousands of dollars and a supply of drugs stashed in his trailer.

On September 16, 1984, appellant and his girl friend, Marilyn Cassidy, visited Hartson to obtain more drugs. At that time, appellant owed Hartson approximately $600 for drugs. Hartson refused to distribute more drugs on credit to appellant, but later he did inject cocaine with him.

On that day, appellant promised Hartson that he would go to the bank the next morning and withdraw money from his father's account to pay his debt to Hartson. Appellant and his girl friend, who was in hiding because she just had escaped from a Kentucky correctional institution, decided it would be best to spend the night in Hartson's trailer. Hartson and appellant planned to go to the bank together the next morning.

Before the two couples retired, Hartson gathered all of the drugs and guns and took them into his bedroom. Donahue testified that he gave her a .357 revolver and told her that if appellant or Cassidy came into the bedroom, she should shoot them. The .357 was placed on the floor next to the bed.

Donahue also testified that during the evening appellant asked her to give him some cocaine without Hartson's knowledge, but she refused. During the night, however, she did place some cocaine in the bathroom for appellant and Cassidy while Hartson was sleeping, but they did not use it.

The next morning Donahue was awakened by a man yelling in the living room. She heard a single gunshot and noticed the .357 was missing. She ran down the hall toward the living room and met appellant, who was wiping the .357 with a rag and holding a bag of cocaine. Appellant said to her, "He's dead. No, Rhonda, he's dead, I killed him."

Appellant asked Donahue where the drugs and money were located. He took about $3,000 from Hartson's wallet and some drugs. After collecting some personal belongings, all three left for Florida.

Upon investigation, police found Hartson's body in the living room of the trailer. The .357 was under his hand and a shotgun was in the kitchen. Expert testimony revealed that Hartson was shot in the head with a .357.

Appellant first argues that the evidence is insufficient to support his conviction. He contends the evidence fails to show that he in fact killed the victim.

At trial, Donahue, Cassidy and appellant gave three different accounts of the shooting. Appellant claims that while he was asleep on the floor, Hartson stepped on his arm and said, "Okay, mother fucker, that's enough" and was pointing a shotgun at him. A struggle ensued and the gun discharged accidentally.

Cassidy testified that during the struggle the .357 dropped from Hartson's pocket and she grabbed it and shot Hartson. At the same moment, the shotgun discharged into the ceiling.

The facts reported by Donahue led to appellant's conviction. Appellant contends that the testimony given by Cassidy and him should be adopted as true, thus the evidence is insufficient to support the verdict.

This Court will not reweigh the evidence nor judge the credibility of the witnesses. *Hooks v. State* (1980), 274 Ind. 176, 409 N.E.2d 618. If part of the evidence standing alone would justify a guilty verdict, we cannot set that verdict aside because of evidence to the contrary. *Jackson v. State* (1924), 194 Ind. 561, 143 N.E. 625.

The uncorroborated testimony of one witness is sufficient to sustain a conviction. *Smith v. State* (1982), Ind., 432 N.E.2d 1363. Looking to the facts supporting appellant's conviction, we find that there is substantial evidence of probative value to support the verdict. *Harris v. State* (1981), Ind., 425 N.E.2d 112.

Appellant also argues that the evidence is insufficient to establish his criminal intent to commit robbery. He concedes that Hartson's property was taken after his death, but he argues that the evidence was insufficient to show that he acted with criminal intent at the time Hartson was killed.

Circumstantial evidence can support the intent necessary for robbery.

*Ballard v. State* (1974), 262 Ind. 482, 318 N.E.2d 798. It is not necessary for this Court to find that the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence. *Gary v. State* (1980), Ind.App., 400 N.E.2d 215.

Here, the jury heard evidence that appellant owed a debt to Hartson. Appellant asked Hartson and Donahue for more drugs but was refused. Upon the death of Hartson, appellant immediately seized the drugs and money in the trailer. From these facts the jury may reasonably have found that appellant was guilty of robbery.

Appellant next argues that the verdict is contrary to law because the State failed to negate beyond a reasonable doubt his claim of self-defense.

Whether a defendant acted in self-defense is a question of fact for the jury. *Bell v. State* (1985), Ind., 486 N.E.2d 1001. When the evidence is conflicting, the jury may reasonably accept or reject the claim of self-defense. *Martin v. State* (1974), 261 Ind. 492, 306 N.E.2d 93. The jury must consider the evidence from the defendant's perspective to determine whether he faced apparent danger which caused him to fear death or great bodily harm. *Davis v. State* (1983), Ind., 456 N.E.2d 405.

Looking to the facts most favorable to the verdict, it will not be overturned if substantial evidence of probative value exists to support it. *Holland v. State* (1983), Ind., 454 N.E.2d 409.

We find the verdict is supported by substantial evidence of probative value. The State carried its burden of proof.

Appellant also argues that fundamental error occurred when the jury was given certain documents which contained references to appellant's previous record.

Appellant gave a statement which police recorded on tape. In it references were made to his past criminal record. The tape was played for the jury as they read along with it from a written transcript. The tape was edited so that the references to his past record were omitted, but they re-

mained in the written transcript. The error was noticed before the tape had advanced to that portion of the transcript. The copies of the transcript were immediately taken away from the jury. The tape continued to play and appellant made no objection at that time.

Before they heard the tape, the jury was admonished to rely only upon what they heard from the tape if they had any questions about the content of the statement.

 Fundamental error is error so prejudicial to the rights of appellant that he could not have a fair trial. *Crose v. State* (1985), Ind.App., 482 N.E.2d 763. To determine whether fundamental error occurred, we first must consider the character of the error and its effect on the trial as a whole.

 In appellant's case, we have no evidence that the jury read ahead of the tape or that the error had any effect upon the trial at all. Therefore, we cannot find that the references in the transcript were so prejudicial that he could not have had a fair trial.

 Appellant argues that prosecutorial misconduct occurred when the prosecutor asked defense witness Michael Krauss if he remembered telling Donahue that appellant wanted Krauss to rob Hartson of money and drugs. Appellant's objection was overruled for the reason that if the declaring witness is available for cross-examination the hearsay answer is admissible. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. However, Krauss denied having made the statement to Donahue. Thus, the only remaining possibility was to recall Donahue to impeach Krauss. *Watkins v. State* (1983), Ind., 446 N.E.2d 949. However, Donahue could not be found for further testimony.

When the State realized that they would not be able to locate Donahue, the court admonished the jury to strike the question asked of Krauss from their minds, to not consider it as evidence, and to not use it in their determination of the issues.

 An admonishment to the jury normally is considered adequate. *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153. We find that, considering the circumstances of this case, the admonition was adequate. Thus appellant was not placed in a position of grave peril.

 Appellant contends that a line of questioning directed to Cassidy regarding her relationship with her cell mate caused fundamental error. At trial the prosecutor asked Cassidy whether her cell mate ever discussed the facts of her own case with Cassidy. Cassidy's cell mate had been charged in a homicide case which ended when a key prosecution witness changed his testimony. Two of the jurors in appellant's case had been impanelled to sit for the cell mate's case and witnessed the ending of that case in the middle of the trial due to the changed testimony.

Appellant believes that the prosecutor's motive in pursuing that line of questioning was to cause the current jury panel to speculate whether Cassidy had changed her testimony. Appellant made no objection at the time and now believes the questioning amounted to fundamental error.

 The failure to object to alleged error at trial in a timely fashion results in a waiver of that issue unless fundamental error occurred. *Bowens v. State* (1985), Ind., 481 N.E.2d 1289.

Prior to that line of questioning, the testimony revealed that Cassidy had changed her story. On different occasions, Cassidy said that Kremer shot Hartson, that she shot Hartson and that Hartson shot himself. She gave two stories concerning her whereabouts when Hartson was shot. She was an escapee from prison. These facts gave the jury ample reason to question Cassidy's credibility long before the prosecutor questioned her about her cell mate. Therefore, we find that although the question was irrelevant no error occurred that was so prejudicial that appellant could not have received a fair trial.

Appellant also asserts that his offer to take a polygraph examination is part of the "res" of his statement, and his offer should have been admitted to show his belief in the truth of his statement. Therefore, the

trial court erred in refusing to admit it into evidence.

 The results of polygraph examinations are inadmissible because their value is highly questionable and the jury may attach undue weight to the result. *Evans v. State* (1986), Ind., 489 N.E.2d 942.

 Because polygraph examinations are inadmissible unless their use is stipulated by the parties, appellant's offer to submit to such a test adds no probative evidence. The trial court did not err in refusing to admit appellant's offer.

 Appellant argues that the trial court abused its discretion by allowing the written transcript of his statement to be submitted to the jury. He believes that because certain portions of his statement were deleted and it was obvious to the jury that they were not permitted to read these portions, they would draw inferences prejudicial to him.

 The trial court has wide latitude in ruling on the admissibility of evidence and in determining its relevancy. Relevant evidence is not inadmissible merely because it is prejudicial. *Smith v. State* (1984), Ind., 465 N.E.2d 702. Because appellant's statement was relevant and admissible as substantive evidence, we find that the admission of the statement with marked-out sections was not error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.