**Kenneth E. MYERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 82A05–9208–CR–283.**

Court of Appeals of Indiana,
Fourth District.

July 8, 1993.

554

Verdelski V. Miller, Evansville, for appellant-defendant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Kenneth E. Myers appeals his conviction of child molesting (deviate sexual conduct), a class B felony. IND.CODE 35–42–4–3.

We affirm.

Myers presents two issues for our review:

1. whether he was denied effective assistance of counsel; and

2. whether the trial court erred in admitting the examining doctor's testimony concerning statements made by the victim.

In the fall of 1990, six-year old R.M. lived with her mother and thirteen other family members in a house in Evansville, Indiana. Kenneth and Bobby Myers, R.M.'s uncles, were among the people living in the house. Kenneth had a bedroom across the hall from R.M.

On October 8, 1990, R.M. told her first grade teacher her Uncle Bobby and Uncle Kenny forced her to submit to sexual intercourse. She also said her Uncle Kenny made her perform fellatio on him. Her teacher alerted the assistant principal, who submitted a report to the local welfare department. The welfare department and police department initiated an investigation.

In June, 1991, the State charged Kenneth Myers (hereinafter, Myers) with two counts of child molesting, one for sexual intercourse and one for deviate sexual conduct. After a trial, a jury found Myers guilty of deviate sexual conduct but was unable to reach a verdict on the count charging intercourse. Consequently, the State dismissed that charge. The court sentenced Myers to ten years, with six years to be served with a work release program and four years suspended to probation. He appeals.

Myers first contends he received ineffective assistance of counsel. He complains his trial counsel: (1) failed to request a mistrial when one of the jurors became ill; (2) failed to effectively object to witnesses presenting allegedly hearsay evidence; (3) elicited prejudicial testimony during cross-examination; and (4) permitted evidence concerning a polygraph test into the record.

When reviewing a claim of ineffective assistance of counsel, we initially presume counsel's representation was within the wide range of reasonable professional assistance. *Robles v. State* (1993), Ind. App., 612 N.E.2d 196, 197. On appeal of a criminal conviction, the defendant has the burden to rebut the presumption of competence with strong and convincing evidence. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 308. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's representation was deficient and (2) the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Steele v. State* (1989), Ind., 536 N.E.2d 292, 293 (*citing Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). Isolated poor strategy, inexperience or bad tactics will not necessarily constitute ineffective assistance of counsel. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, 1059, *cert. denied*, 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 347. We will not reverse unless defendant establishes that but for counsel's errors, the result of the proceeding would have been different. *Steele*, 536 N.E.2d at 293.

Myers claims his trial counsel was ineffective for allowing an opportunity for a mistrial to be waived. He opines it is always best for the defendant to have a mistrial declared after the State has presented its evidence.

A defendant may waive his right to a twelve-person jury. IC 35–37–1–1; *Johnson v. State* (1986), Ind., 489 N.E.2d 65, 67–68.

When one of the jurors became unable to serve due to illness, the court

offered to declare a mistrial if Myers wished to insist on a twelve member jury. When the juror first became ill, counsel stated he would not wish to proceed without a twelve member jury. However, after consulting with his client over a period of days, counsel indicated Myers did not wish to insist on a mistrial. The court also personally questioned Myers, and he assured the court he wanted to proceed with eleven members on the jury.

Believing Myers's defense was strong enough to convince the jury the victim was a liar and his brother Bobby, not he, was the perpetrator, defense counsel could have reasonably determined continuing the trial with one missing juror would not damage Myers. Furthermore, Myers has not demonstrated how his counsel's consultations regarding an eleven member jury have prejudiced him. Nowhere in the record is it shown that prejudice resulted to Myers because the jury had only eleven members. Myers's claim it is always best to secure a mistrial is simply an attempt to have this court second-guess the strategy chosen by Myers and his counsel. This is not our function. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 308. Typically, matters of trial strategy do not show counsel error unless the strategy falls below objective professional standards. *Ford v. State* (1988), Ind., 523 N.E.2d 742, 747.

Myers also claims trial counsel was ineffective because while he waived the court's offer of a mistrial due to the hospitalized juror, he subsequently moved for a mistrial when the court permitted a witness to testify even though his name was not on the pre-trial witness list. However, as counsel conceded at trial, the State did not deliberately or intentionally avoid telling Myers about the witness. Therefore, Myers would have been entitled to no more than a continuance. *Boyd v. State* (1985), Ind., 485 N.E.2d 126, 127–128. We find counsel's subsequent request for a mistrial

was a separate action, a proper exercise of professional judgment and trial strategy, clearly not amounting to ineffective assistance of counsel.

Myers next claims his trial counsel failed to properly preserve objections to prejudicial hearsay evidence. He maintains if the objections had been properly preserved, on appeal the judgment would be reversed because the evidence presented a repetition of the victim's testimony.

To establish the failure to object to evidence resulted in inadequate representation, the defendant must show counsel's objections would have been sustained if they had been made. *Siglar v. State* (1989), Ind., 541 N.E.2d 944, 947.

Hearsay is defined as testimony made out of court offered to show the truth of the matter which rests on the credibility of a declarant who is not in court and is unavailable for cross-examination. *Miller v. State* (1991), Ind., 575 N.E.2d 272, 274. If challenged evidence is hearsay and does not fall within one of the exceptions to the hearsay rule, then it is inadmissible. *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, 654.

The hearsay rule does not apply to testimony introduced to explain why a particular course of action was taken during a criminal investigation. *Long v. State* (1991), Ind., 582 N.E.2d 361, 363; *Altmeyer v. State* (1988), Ind., 519 N.E.2d 138, 143. Evidence of a complaint made by the alleged victim of a sexual crime is not considered hearsay as long as a detailed narrative of the incident is not given. *Ketcham v. State* (1959), Ind., 162 N.E.2d 247, 248–249.

Defense counsel interposed hearsay objections when the State questioned R.M.'s teacher, a therapist, and an investigating police officer about conversations they had with the victim.[1] The State responded the evidence was not being offered to prove

---

1. While conceding the testimony was admissible, Myers also contends a fourth witness, Dr. Stone, gave prejudicial testimony which he claims defense counsel should have minimized by asking different questions of her on cross-examination. An examination of record reveals

counsel vigorously objected to Dr. Stone's testimony and effectively cross-examined her, attempting to show the interviewing technique which she used was not reliable. We cannot say his cross-examination fell below an objective standard of performance.

the truth of the facts stated, but to show the victim made a prompt report of the offense, why the investigation was begun, and how it progressed. Defense counsel withdrew the objections based on the fact the evidence was not offered for the truth of the matters. Subsequently, at defense counsel's request the court gave a jury instruction stating the evidence could not be considered for the purpose of proving the alleged victim's statements as true but only to show the information upon which the professional acted in the case.

 It was a reasonable trial tactic to allow the jury to see there were inconsistencies in the various stories the victim told each person as well as in her in-court testimony. Counsel's decision not to press his objections concerning the testimonies of these professionals was a tactical maneuver which, on hind-sight, this court will not second guess.

During cross-examination of R.M.'s teacher, trial counsel attempted to demonstrate Bobby Myers, rather than Kenny Myers, was the real perpetrator. Previously when R.M. testified in this case, trial counsel vigorously cross-examined her and attacked her credibility by showing the child could not remember the incidents and at times she lied. When the therapist who conducted the diagnostic assessment testified, she did not mention the name of the uncle who had molested the child. Instead, she stated R.M.'s responses indicated it was likely she had been sexually molested because she was more sexually aware than the typical seven-year old. During cross-examination, defense counsel attempted to establish the speculative nature of the therapist's diagnostic assessment. Officer Gard's testimony briefly stated R.M. had made a complaint she was raped and an investigation followed. No names were given and the complaint was not detailed.

Since the therapist's and police officer's testimonies could be properly admitted because they were not used to prove the truth of the matters asserted, Myers has failed to show the court would have sustained trial counsel's hearsay objections if he had not withdrawn them. Although the teacher's testimony was more detailed than necessary to state R.M. had made a complaint about sexual molestations, there is no clear showing of injury and prejudice to its admission since it presented the strongest example of Bobby Myers's involvement as the perpetrator. An isolated choice of poor tactics does not necessarily indicate counsel was not meeting the standard of reasonably effective assistance of counsel.

Furthermore, although counsel's defense was not totally successful, obviously, the jury followed the jury instruction not to consider the statements as true because Myers was not convicted of the child molesting-intercourse charge despite the repetition of R.M.'s claims of intercourse. *See King v. State* (1992), Ind.App., 598 N.E.2d 589, 592, *trans. denied; Duncanson v. State* (1987), Ind., 509 N.E.2d 182, 186 (we presume the jury follows the court's instructions).

In his third claim of deficient performance, Myers asserts defense counsel repeatedly elicited prejudicial testimony on cross-examination from various witnesses. Instances of deficient cross-examination include (1) when trial counsel asked R.M. "... you said that sometimes Kenny would stick his private inside your private," (2) when he showed the teacher a document to refresh her memory of her October, 1991, conversation with the victim, and (3) when he asked Detective Davis about allegations R.M. had made concerning Myers's alleged molestation of two other cousins.

 Cross-examination is a matter best left to trial counsel's discretion. *See Olson v. State* (1990), Ind., 563 N.E.2d 565, 568. Since Myers was not convicted of having sexual intercourse with the victim, he has failed to show how he was harmed by trial counsel's cross-examination of R.M. regarding that allegation. *Best v. State* (1991), Ind., 566 N.E.2d 1027, 1031.

Likewise, the cross-examination of the teacher and the detective did not render counsel's assistance to Myers defective. Trial counsel's strategy included portraying R.M. as a liar and raising the inference her Uncle Bobby molested her. This was a

reasonable strategy decision. *See Lamb v. State* (1982), Ind., 511 N.E.2d 444, 446.

Lastly, Myers claims his trial counsel should have requested the portion of his police statement referring to a polygraph test be redacted before it was offered as an exhibit. He contends since trial counsel did not offer evidence to show Myers passed a polygraph test, the jury was left to wonder whether Myers later refused to submit to such testing or whether he failed the test.

Absent a waiver or express stipulation by the State and defendant, polygraph evidence is inadmissible. *Conn v. State* (1989), Ind., 535 N.E.2d 1176, 1180. Thus, defense counsel may have successfully struck the reference. However, Myers incorrectly assumes the only inference the jury could draw from the evidence was negative. In his statement, Myers told the police he passed a polygraph in the past and was willing to take one again. Defense counsel may have wished to allow the jury to infer either the police did not offer him the test or he took the test and passed. Since Myers has not shown the jury necessarily concluded he had failed a polygraph test or would not take one, he has not presented a clear showing of injury and prejudice due to the admission of this evidence.

A fair examination of the record leads us to conclude counsel conducted a vigorous defense on Myers's behalf. Counsel was familiar with the facts and evidence, filed pre-trial motions, raised numerous timely objections, introduced evidence on Myers's behalf, and effectively cross-examined the State's witnesses. Under the totality of these circumstances, the record establishes counsel was well prepared for trial and properly discharged his duties by providing Myers with adequate and effective representation. *See Morrison v. State,* 613 N.E.2d 865 (Ind.App.1993) *trans. pending.*

In his second issue, Myers contends the trial court erred in overruling his hearsay objection to the testimony of the doctor who examined R.M. the day after she came forward with her allegations of sexual abuse.

A trial court has inherent discretionary power on the question of admission of evidence, and its decisions are reviewed only for abuse of that discretion. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, 296, *reh. denied, cert. denied* 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860. A medical history, even though hearsay, is relevant because it might form the basis of a medical opinion. However, such history may not be used as proof of the fact or facts contained in the history given by the patient. *Beck v. State* (1989), Ind., 544 N.E.2d 204, 208. Any facts within a medical history given by the patient are not admissible as substantive evidence. *Id.*

The doctor testified R.M. told him her uncle tried to insert his penis into her vagina. However, he stated a physical examination of her genitalia showed no past injuries or disease. He did not testify concerning any other statements by R.M. relating to deviate sexual conduct.

It is clear from the record this statement was repeated by the doctor not to prove the truth of what R.M. had said but as information reasonably relevant to the reason the physician examined the child. The statement was brief, without detail. No attempt was made to assert the statement was true, and no names were used. Because R.M. had previously testified about the crime, the doctor's reference to her complaint cannot be characterized as a substitute for R.M.'s testimony. Additionally, it is unlikely the introduction of the testimony was an attempt to bolster R.M.'s credibility since the doctor testified he found no evidence of injury to suggest R.M. had been raped. At defense counsel's request, the court gave a jury instruction the testimony was not to be used to prove R.M.'s complaint. The trial court did not abuse its discretion by overruling Myers's objection.

Furthermore, we find no reversible error since the jury did not find Myers guilty of having intercourse with R.M. Any error resulting from the admission of the doctor's testimony was harmless. *See Carter*

*v. State* (1987), Ind., 505 N.E.2d 798, 799–800.

Affirmed.

CHEZEM and STATON, JJ., concur.