Gregory A. SEVITS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 17A03–9406–CR–214.

Court of Appeals of Indiana,
Third District.

May 24, 1995.

Transfer Denied July 27, 1995.

Susan K. Carpenter, Public Defender, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

A jury found Gregory A. Sevits (Sevits) guilty of burglary, a class C felony,[1] and theft, a class D felony,[2] for which he was sentenced to twenty years in prison.[3]  In his

---

1.  Ind.Code 35–43–2–1 (1993).

2.  I.C. 35–43–4–2.

3.  Sevits also plead guilty to another count of burglary, a class C felony, another count of theft, a class D felony, and for being an habitual of-

appeal, he raises three issues for our review which we restate as follows:

I. Whether the trial court erred in allowing a State's witness to testify as to his religious education and training.

II. Whether the trial court tendered an improper jury instruction.

III. Whether Sevits was denied the effective assistance of counsel.

We affirm.

The facts most favorable to the State reveal that on November 14, 1991, Richard Musser, an employee at Vulcraft Corporation, notified the police that a padlock had been broken on a gate of a fence which surrounded an electric substation located near the Corporation. Musser reported that three spools of electric coated wire were missing from the fenced area. Upon investigation, the police determined that the spools had been purchased by an employee at Mid-West Pipe and Steel Company who produced a receipt indicating that Sevits had sold him the wire. After being arrested and showed the receipt with his signature, Sevits told police that he had taken the wire.

## I.

### Testimony of Religious Education

■■ Sevits contends that the trial court erred in allowing a State's witness to testify regarding his religious education and training. Sevits contends that the testimony improperly bolstered the witness's credibility and thus, violated his fundamental right to a fair trial.[4]

We note that the trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied.* Relevant evidence is not inadmissible merely because it is prejudicial. *Id.*

Initially, we note that Ind.Evidence Rule 610 indicates that evidence of the belief or opinions of a witness on matters of religion is not admissible for the purpose of showing that, by reason of their nature, the witness's credibility is impaired or enhanced. However, this rule, modeled after Federal R.Evid. 610, became effective January 1, 1994, and thus, was not applicable at the time of Sevits' trial in 1992. We must therefore resort to our common law and the Federal Rules of Evidence for guidance.[5]

■■ Evidence is relevant if it is offered to prove a matter in issue and if it has any tendency to make the existence of any material fact more or less probable than it would be without such evidence. *Henson v. State* (1989), Ind., 535 N.E.2d 1189. However, a trial court may exclude relevant evidence at trial if it determines that the possible prejudicial effect on the jury outweighs the probative value of the evidence. *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 127.

While this court has never addressed the precise issue of whether a party may testify to his religious education or training for the purpose of portraying his high moral character, we have determined that a witness may not relate to the religious activities of a defendant for the purposes of establishing or bolstering that defendant's good character. *See Lax v. State* (1981), 275 Ind. 34, 414

fender, and was sentenced together on all five of these charges.

4. The State contends that Sevits failed to raise a timely objection to this questioning and thus, waived any right of review. We note that when no objection is made to a prosecutor's questions the issue will be waived on appeal. *Grayson v. State* (1992), Ind.App., 593 N.E.2d 1200, 1205. However, our review of the record reveals that Sevits did object to the State's question regarding the witness's interviewing and counseling experience. While we recognize that the objection could have been raised immediately after the

State's first inquiry regarding the witness's religious education, we nonetheless conclude that Sevits did raise an objection and thus, did not waive review of this issue.

5. The Advisory Committee's Notes on Fed. Evid.R. 610 (1972), 56 F.R.D. 183, 272, indicate that the rule forecloses any inquiry into the religious beliefs or opinions of a witness for the purpose of showing that his character for truthfulness is affected by their nature but an inquiry for the purpose of showing interest or bias because of them is not within the prohibition.

N.E.2d 555, 556, *reh. denied.* The court noted that specific laudatory acts are generally not admissible to demonstrate one's reputation or character. *Id.*

Moreover, this court has determined that a witness is presumed to speak the truth, and evidence of good reputation for truth and veracity of a witness is never admissible until that reputation has been put at issue by the evidence or otherwise.[6] *Thompson v. State* (1988), Ind.App., 529 N.E.2d 877, 878, *trans. denied; Bryant v. State* (1954), 233 Ind. 274, 118 N.E.2d 894, 897.

During the trial, the State's witness, Jeffrey Craig House, the police officer who obtained Sevits' confession, testified to the following:

Q. And how are you employed?

A. I am an Indiana State Trooper.

Q. And what kind of educational background do you have, sir?

A. I have a B.S. degree in Criminal Justice and Psychology and I have a Master of Divinity degree from Grace Theological Seminary.

\* \* \* \* \* \*

Q. And subsequent to that [employment as state policeman] then you went back to school?

A. Yes, sir, I did.

Q. And for what purpose was that?

A. Went back to school to enter into possibly [sic] into the pastoral ministry, was a pastoral ministry student for three and a half years, was a pastoral intern. Since then I've come back to the Indiana State Police with the hopes that someday being our chaplain.

\* \* \* \* \* \*

Q. Okay. So how long have you been a State Policeman on this particular term?

A. This term?

Q. Yes.

A. Since 1989.

Q. 1989. And you've got a Masters degree in Divinity?

A. Yes, sir.

Q. And you've worked as a, as a pastoral . . .

A. Intern, sir.

Q. Intern. Does that include counseling?

A. Yes, sir, it does.

Q. Does that include interviewing?

A. Yes, sir.

Q. And you spent four years doing that?

A. Yes, sir, four years in the pastoral ministries program.

Record, pp. 889–891.

Sevits objected at this point contending that the prosecutor was improperly attempting to bolster the witness's credibility by implying that the witness was beyond reproach as a result of his pastoral training. Record, p. 892. The trial court overruled the objection and the State continued to question Officer House on matters unrelated to his religious training.

Officer House's testimony was not an expression of his religious opinions and beliefs, but was only a recitation of his religious education. Thus, the State did not elicit any testimony regarding the witness's religious beliefs or opinions which could have enhanced his credibility.

■ Moreover, the record also reveals that during his opening statement, defense counsel indicated to the jury that Sevits' confession could have been given under duress as a result of Officer House's inappropriate questioning techniques. Thus, the testimony regarding Officer House's prior training in interviewing and counseling was relevant to rebut the implication that he improperly coerced Sevits' confession.[7] As such, we

6. This rule has now been adopted by Ind. Evidence Rule 608, effective January 1, 1994, which provides that the credibility of a witness may be attacked or supported by the evidence in the form of opinion or reputation only if the evidence refers to the witness's character for truthfulness and is admissible only after the character of the witness for truthfulness has been put at issue.

7. *Cf. United States v. Hoffman* (7th Cir.1986), 806 F.2d 703, 708, *cert. denied*, 481 U.S. 1005, 107 S.Ct. 1627, 95 L.Ed.2d 201 (evidence of defendant's religious affiliation admissible to establish

determine that the evidence was properly admitted as it related to the nature of Sevits' confession rather than Officer House's credibility.

■ While this evidence may have had some potential prejudicial impact on the jury, such does not render it inadmissible *Kremer, supra,* at 1073. Moreover, Sevits has failed to show that this testimony was so prejudicial that but for its admission, the outcome of the proceedings would have been different. *Ballin v. State* (1993), Ind.App., 610 N.E.2d 846, 850, *trans. denied.* We therefore conclude that the trial court did not abuse its discretion by overruling Sevits' objection and allowing the testimony.

## II.

### *Jury Instruction*

Sevits contends that the trial court's Preliminary and Final Jury Instruction No. 9 diluted the state's burden of proof and stripped him of his fundamental right of the presumption of innocence until proven guilty.

■ An error in a jury instruction will not warrant reversal unless it is of such a nature that the entire charge of which it is a part misled the jury on the law of the case. *Hill v. State* (1993), Ind., 615 N.E.2d 97, 99.

■ We note that Sevits did not object to this instruction and therefore our review is limited to ascertaining whether fundamental error was committed. *Coleman v. State* (1994), Ind.App., 630 N.E.2d 1376, 1378, *trans. denied.* Fundamental error is error so blatant and prejudicial, that if not corrected, it would deny the defendant due process. *Id.*

The instruction reads as follows:

The rule of law which surrounds the Defendant with the presumption of innocence and requires the State to establish beyond a reasonable doubt every material allegation of the charge, is not intended to shield those who are in fact guilty, from just and merited punishment, but is a humane provision of the law, which is intended for the protection of the innocent and to guard, so far as human agencies can, against the conviction of those unjustly accused of crimes.

Sevits points out that our supreme court criticized the use of this instruction in *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 951. Our supreme court determined that the prejudicial nature of this instruction adds little, if any, elucidation for the jury, and recommended that it not be used in future cases. *Id.* The court discouraged the trial court's use of this instruction because it is not helpful to the jury.

However, this court has expressly declined to expand the court's ruling in *Spradlin* to conclude that the use of this instruction rises to the level of fundamental error. *Collins v. State* (1994), Ind.App., 643 N.E.2d 375, 380–381, *trans. denied.*

■ We conclude that the use of this instruction did not rise to the level of fundamental error. We note further that the record indicates that the jury was given repeated instructions on the State's burden of proof and Sevits' presumption of innocence until proven guilty. Sevits was not unduly prejudiced, and there was no reversible error.

## III.

### *Ineffective Assistance of Counsel*

Sevits contends that he was denied the effective assistance of counsel as a result of

possible motive for sending death threat letter and probative to show intent that letter was actual threat); *Mauldin v. Upjohn Co.* (5th Cir. 1983), 697 F.2d 644, *cert. denied,* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (plaintiff's testimony regarding his church attendance and belief in "Almighty God" did not violate Fed.R.Evid. 610 because witness was not attempting to bolster his credibility but instead show the hardships he had suffered as a result of defendant's defective drug) and also *State v. Stone* (1986),

App., 151 Ariz. 455, 728 P.2d 674, 678 (religious references by victim did not constitute fundamental error because such comments were probative of identification, and because victims' credibility was not determinative in establishing guilt of defendant); *Nelson v. State* (1987), Minn. App., 407 N.W.2d 729, 731, *rev. denied* (testimony regarding victim's religious background was properly admitted to prove severe mental anguish rather than to show her credibility in violation of Minn.R.Evid. 610).

counsel's failure to object to certain statements by the State during closing argument.

■ To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance the result of the proceedings would have been different. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1372. Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption. *Id.*

Sevits contends that his counsel was deficient for failing to object to the State's argument to the jury that Sevits' bolt cutters were used to break the padlock enclosing the substation. Sevits indicates that because the State failed to present expert testimony regarding a toolmark comparison which matched Sevits' bolt cutters to a State's exhibit showing unidentified bolt marks left on a piece of the padlock, the jury was not qualified to make such a comparison on their own. Sevits concludes that without the prosecutor's comments, the jury would not have convicted him of burglary as there would have been insufficient evidence to persuade the jury that he broke into the area surrounding the substation.

■ We note that to establish that the failure to object resulted in inadequate representation, the defendant must show that counsel's objections would have been sustained if they had been made. *Myers v. State* (1993), Ind.App., 617 N.E.2d 553, 556.

■ It is proper for a prosecutor to argue both law and facts during final argument, and propound conclusions based upon his or her analysis of the evidence. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699, 708. It is proper to state and discuss the evidence and all reasonable inferences to be drawn therefrom, provided the prosecutor does not imply personal knowledge independent of this evidence. *Id.*

■ Here, the prosecutor discussed the fact that Sevits owned a pair of bolt cutters and that the padlock at the substation could have been broken by a pair of bolt cutters.

The prosector's comments during closing arguments were merely statements regarding certain evidence which was presented during the trial. Thus, any objection raised by defense counsel to these statements during closing argument would have been overruled.

Moreover, there is ample evidence in the record to support the inference that Sevits broke into the area surrounding the substation by breaking open the padlock. Sevits has failed to show that but for the prosecutor's comments during closing argument, the jury's decision would have been different.

We conclude that Sevits has failed to show that he was denied the effective assistance of counsel as a result of his counsel's failure to raise an objection during the State's closing argument.

Affirmed.

RUCKER, J., concurs.

GARRARD, J., concurs in result and files separate opinion.

GARRARD, Judge, concurring in result.

I concur with parts II and III of the majority opinion. I disagree with majority analysis in part I and footnote 4. The defendant made no objection to the questions asked by the prosecutor about Officer House's background. When defense counsel finally interposed an objection, there was no question pending before the witness. Thus, no potential error was preserved for appeal, and that is the end of it. Indeed, it seems likely to me that counsel interposed the objection simply to raise the flag and deter the state from pursuing the subject any further. In this he succeeded.

Accordingly, I concur in the result reached.