Sammy L. JOHNSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–9711–CR–799.

Court of Appeals of Indiana.

Oct. 8, 1998.

Jerry T. Drook, Marion, for Appellant–
Defendant.

Jeffrey A. Modisett, Attorney General,
K.C. Norwalk, Deputy Attorney General, In-
dianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Sammy L. Johnson appeals his convictions
for Theft,[1] a class D felony, Resisting Law
Enforcement–Fleeing,[2] a class A misdemean-
or, Disorderly Conduct,[3] a class B misde-
meanor, and the habitual offender finding.
As restated, he presents a single issue for
review:

Did juror misconduct deny Johnson a fair
trial?

We affirm.

After Johnson was convicted on the above
charges and an habitual offender determina-
tion was made, a juror reported to Johnson's
counsel that the other five jurors pressured
her into the guilty finding on the theft
charge. She executed an affidavit, which in
pertinent part stated:

3. That during the course of deliberation,
Affiant was not inclined to find the Defen-
dant guilty on the charge of Theft, a Class
D felony, for the reason that I had doubt
that the Defendant had the necessary in-
tent to commit the felony of Theft; howev-
er, Affiant was coerced by the five (5)
other members of the jury into agreeing to
return a guilty verdict upon said charge.

4. That no threats of any nature, either
physical or financial were made against
Affiant; however, the coercion exerted
upon this Affiant was psychological in na-
ture with the other jurors pressuring her
to agree with their verdict of "Guilty."

5. That Affiant's assent to the verdict of
"Guilty" on the charge of Theft was not
[free] and voluntary upon her part, and
was the result of undue influence applied
to her by the other members of the jury.

*Record* at 128. Based upon the affidavit,
Johnson filed a Motion to Correct Errors.
Johnson claimed that the guilty verdict for
theft was not based upon a unanimous ver-
dict and should be set aside. He requested
that the habitual offender finding premised
upon the erroneous theft verdict be set aside
as well. The trial court denied the motion.

Johnson contends that the verdict was the
product of undue influence exerted by five of
the jurors, thus it is unreliable. He acknowl-
edges that at common law, a verdict was not
subject to impeachment by evidence from the
jurors who returned it. *See Harrison v.
State,* 575 N.E.2d 642 (Ind.Ct.App.1991). An
exception existed for evidence that jurors
were exposed to "improper, extrinsic materi-
als during their deliberations." *Id.* at 646.
Johnson, without analytical development, ar-
gues that the psychological coercion to which

---

1. Ind.Code Ann. § 35–43–4–2(a) (West 1998).

2. Ind.Code Ann. § 35–44–3–3(a)(3) (West 1998).

3. Ind.Code Ann. § 35–45–1–3(1) (West 1998).

the juror was subjected is analogous to exposure to improper extrinsic material, and should permit a finding of juror misconduct.

In 1994, the Indiana Rules of Evidence were adopted. Ind. Evidence Rule 606(b) provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify (1) to drug or alcohol use by any juror, (2) on the question of whether extraneous prejudicial information was improperly brought to the jury's attention or (3) whether any outside influence was improperly brought to bear upon any juror. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying may not be received for these purposes.

The rule precludes consideration of the juror's affidavit which does not fit in one of the three exceptions.

No reported decision in Indiana addresses the specific exceptions within Evid.R. 606(b). It is noteworthy that similar rules are employed by many states, and the rule mimics that found in the federal rules. Thus, cases from other jurisdictions are instructive.

The circumstances in *Kailukiak v. State*, 959 P.2d 771 (Alaska App.1998) are similar to those present in the instant case. After the verdict, a juror told defense counsel that during deliberations, she felt the other jurors intimidated and pressured her into finding the defendant guilty. The court elaborated,

The juror asserted that, although she was never physically attacked, the other jurors had told her to "shut up" when she attempted to voice her views of the evidence. As a result of this treatment, the juror said, her spirit was eventually broken to the point where she felt she had no choice but to accede to the views of the other jurors.

*Id.* at 779.

The *Kailukiak* court found no error in the trial court's refusal to hear testimony from the jurors after the verdict. In fact, the court noted that the trial court was prohibited from inquiring into the intentions of the jurors during deliberations. *Id.* Examples of matters upon which jurors may be questioned concerning outside influences are: "fraud, bribery, threats or coercion by third parties, or other acts of third parties in obstruction of justice." *Id.* Specifically excluded by the rule is the reception of testimony regarding purported intimidation or harassment by other jurors. *Id.* (citing *United States v. Stansfield*, 101 F.3d 909 (3rd Cir. 1996)).

Plainly, exception (3) within 606(b), regarding outside influences improperly brought to bear upon a juror, envisions sources outside of the jury. All of the jurors receive the same instructions regarding their deliberations. Jurors are called upon to consciously weigh the decision. A balancing process is inherent. Jurors may not decide, in hindsight, that the weighing process overcame their spirit or will. The rule is in place to prohibit the type of attack Johnson seeks to mount.

Judgment affirmed.

STATON and RUCKER, JJ., concur.