Ralph R. ROBINSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 04A04–9903–CR–115.

Court of Appeals of Indiana.

Dec. 28, 1999.

Charles R. Deets, III, Heide Sandy Deets & Kennedy, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Ralph Robinson ("Robinson") appeals his conviction by jury of Operating a Vehicle While Intoxicated, a class A Misdemeanor.[1] We affirm.

### Issues

Robinson presents two issues for review:

I. Whether the trial court erred in admitting an audiotape of statements Robinson made during a breathalyzer test and booking.

II. Whether the trial court erred when it denied Robinson's Motion to Correct Errors alleging jury misconduct.

### Facts/Procedural History

On January 18, 1998, Officer Troy Yeoman ("Officer Yeoman") of the Fowler Police Department was on routine patrol. (R. 224). As Officer Yeoman travelled south on Washington Avenue in Fowler, Indiana, he came upon Robinson, who was travelling north. (R. 225). As the two vehicles approached one another, Robinson crossed the center line and nearly struck Officer Yeoman's vehicle. (R. 225).

Officer Yeoman followed Robinson to a parking lot and parked behind Robinson. (R. 225). As Officer Yeoman approached Robinson's vehicle, Robinson opened his door. (R. 226). Robinson explained to Officer Yeoman that he had just come back from watching a college basketball game and indicated that Officer Yeoman "must

not know who he [was]." (R. 227). Officer Yeoman smelled the strong odor of alcohol coming from the car and observed two open containers of Miller Lite beer in cup holders. (R. 226).

After asking for Robinson's license and registration, Officer Yeoman administered three field sobriety tests. (R. 228). Robinson failed each test. (R. 228–229). Officer Yeoman observed that Robinson's eyes were bloodshot and that he "kept swaying back and forth." (R. 229). Robinson's speech was somewhat slurred and slow. (R. 229). Robinson attempted to convince Officer Yeoman not to arrest him and made several references to the fact that he knew the county prosecutor, the deputy prosecutor, and the sheriff. (R. 227, 231). He requested Officer Yeoman to contact them and "clear this up." (R. 227).

Officer Yeoman asked Robinson to submit to a breathalyzer test and Robinson agreed. (R. 230). When Officer Yeoman administered the test, however, Robinson refused to blow the requisite amount of air into the testing device. (R. 237–238). Officer Yeoman audiotaped Robinson before, during, and after the test. (R. 240). Robinson continued to ask Officer Yeoman to contact the sheriff and stated that the incident was "gonna cost a lot of people a lot of favors." (R. 235).

Robinson was tried before a jury on December 18, 1998. (R. 140). Before the trial commenced, the court heard evidence on Robinson's Motion in Limine to exclude the audiotape. (R. 212). The trial court denied the motion. (R. 215).

After hearing the evidence, the jury found Robinson guilty of Operating a Vehicle While Intoxicated, a class A Misdemeanor. (R. 114a)[2]. The trial court issued a one year jail term, which it subsequently suspended. (R. 114b).

---

1. IND.CODE § 9–30–5–2.

2. We note that three pages of the record are not numbered. These pages fall between

pages 114 and 115. We shall refer to them as pages 114a, 114b, and 114c.

The trial court then sentenced Robinson to one year of supervised probation, ordered Robinson to undergo alcohol treatment, and ordered Robinson to pay court costs, fees, and fines. (R. 114b).

On January 18, 1999, Robinson filed a Motion to Correct Errors. (R. 119). In his motion, Robinson contends the trial court erred when it admitted the audiotape into evidence. In addition, Robinson alleges jury misconduct during deliberations. Specifically, Robinson argues that the jury improperly considered the fact that he did not testify in reaching a verdict. (R. 120). The trial court denied Robinson's Motion to Correct Errors on February 4, 1999. (R. 130). Robinson now appeals. (R. 130).

I. Whether the trial court abused its discretion when it permitted the audiotape to be admitted into evidence.

### A. Waiver.

Robinson first alleges the trial court erred when it denied his Motion in Limine and allowed the State to admit the audiotape made during administration of the breathalyzer test and during booking. In order to preserve error in the overruling of a pre-trial motion in limine, the appealing party must have objected to the admission of the evidence at the time it was offered. Heavrin v. State, 675 N.E.2d 1075 (Ind.1996). Although Robinson filed a Motion in Limine before trial, he failed to object to the admission of the audiotape at the time it was offered. In fact, Robinson explicitly stated that he did not object to admission of the audiotape when it was offered. (R. 239). Inasmuch as Robinson failed to object to admission of the audiotape at trial, his argument is now waived on appeal.

### B. Waiver notwithstanding, the audiotape was properly admitted.

Waiver notwithstanding, the trial court properly allowed the audiotape into evidence. Robinson argues that, although portions of the audiotape were relevant, its probative value was substantially outweighed by the danger of unfair prejudice. Therefore, Robinson argues, the audiotape should have been excluded pursuant to Ind. Evidence Rule 403.

#### i. Standard of review.

The trial court has broad discretion in ruling on the admissibility of evidence such as the audiotape at issue in the present case. Sharp v. State, 534 N.E.2d 708, 712 (Ind.1989). We will disturb the trial court's ruling only upon a showing of abuse of that discretion. Sevits v. State, 651 N.E.2d 278, 280 (Ind.Ct.App.1995). Although relevant evidence is generally admissible, relevance, standing alone, does not dictate admissibility. Lawson v. State, 664 N.E.2d 773, 778 (Ct.App.1996). Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evid. R. 403. Relevant evidence is not inadmissible merely because it is prejudicial, however. Sevits, 651 N.E.2d at 280. In determining whether the prejudicial effect of relevant evidence substantially outweighs its probative value, the trial court must apply a balancing test. Lawson v. State, 664 N.E.2d at 778.

#### ii. The trial court did not abuse its discretion in admitting the tape.

In the case at hand, the State contends, and Robinson agrees, that the audiotape was relevant to prove that Robinson was intoxicated at the time of arrest. The State further argues that Robinson's statements that he knew the prosecutor, deputy prosecutor, and sheriff are relevant to show consciousness of guilt. Robinson argues, however, that the statements are irrelevant to the issue of intoxication and served only to inflame the prejudices of the jury against him.

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence." Ind. Evidence Rule 401. Evidence of consciousness of guilt has historically been admissible as relevant evidence. *See Serano v. State*, 555 N.E.2d 487 (Ind. Ct.App.1990) (holding that false information Defendant provided to law enforcement was admissible to show consciousness of guilt); *Washington v. State*, 273 Ind. 156, 402 N.E.2d 1244 (1980) (holding that defendant's attempt to conceal incriminating evidence was admissible to show consciousness of guilt); *McKinstry v. State*, 660 N.E.2d 1052 (Ind.Ct.App.1996) (holding that defendant's false alibi was admissible to show consciousness of guilt); *Jorgensen v. State*, 567 N.E.2d 113 (Ind. Ct.Ap.1990) (holding that defendant's escape from custody was admissible to show consciousness of guilt). Here, Robinson requested that several individuals, including the county prosecutor and the sheriff, be contacted so that the matter of his arrest could be 'cleared up.' (R. 227). Robinson also stated several times that Officer Yeoman must not have known who he was. (R. 227). Robinson's attempts to intimidate Officer Yeoman with his purported status in the community could reasonably be interpreted by the jury as evidence of his consciousness of guilt. . The evidence was therefore relevant. Thus, we reject Robinson's argument that the probative value of the evidence was outweighed by its prejudicial effect. Robinson's statements were not so inflammatory as to result in the substantial unfair prejudice required by Evid. R. 403. We conclude, therefore, that the trial court properly exercised its broad discretion when it permitted the audiotape to be admitted into evidence.

## II. Whether the trial court erred when it denied Robinson's Motion to Correct Errors alleging jury misconduct.

After the trial court entered judgment, Robinson filed a Motion to Correct Errors. In his Motion to Correct Errors, Robinson alleged several instances of jury misconduct and supported his allegations with the affidavit of one of the jurors. On appeal, Robinson argues solely that the jury improperly considered his failure to testify in rendering its verdict.

### A. Standard of Review.

Indiana Evid. Rule 606(b) states:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or to dissent from the verdict or indictment concerning the juror's mental processes in connection therewith, except that a juror may testify (1) to drug or alcohol use by any juror, (2) on the question of whether extraneous prejudicial information was improperly brought to the jury's attention or (3) whether any outside influence was improperly brought to bear upon any juror. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying may not be received for these purposes.

■ Indiana follows the common law that a verdict may not be impeached by evidence from the jurors who returned it. *Johnson v. State*, 700 N.E.2d 480 (Ind.Ct. App.1998). A trial court is prohibited from inquiring into the intention of the jurors during deliberations. *Id.* at 481 (citing *Kailukiak v. State*, 959 P.2d 771 (Alaska App.1998)). However, an exception existed at common law, as it does today, for evidence establishing that jurors were exposed to "improper, extrinsic materials during their deliberations." *Id.* at 480 (quoting *Harrison v. State*, 575 N.E.2d 642, 646 (Ind.Ct.App.1991)).

### B. Jury misconduct.

■ Robinson relies upon the affidavit of juror Connie Brutus ("Brutus") to support his allegation that the jury inappropriately disregarded Final Instruction No. 15, which states in part, "The fact that the defendant did not testify raises no presumption of any kind against him. It shall

not be commented upon, referred to, or in any manner considered by the jury in determining the guilt or innocence of the defendant." (R. 100). Brutus's affidavit states that, contrary to these instructions, "The [j]ury improperly and unconstitutionally considered the fact that Defendant did not take the stand to defend himself as proof of guilt." (R. 122).

Indiana Evidence Rule 606(b) proscribes the use of a juror's affidavit to establish anything other than drug or alcohol use by a juror, the introduction of extraneous prejudicial information into the jury room, or the application of outside influences upon a juror. Brutus's affidavit fails to allege any of these factors. Rather, it invites us to step inside the "head" of each jury member and to second-guess the complex manner in which the jury weighed the evidence and the law to reach its verdict. The Indiana Rules of Evidence and Indiana caselaw prohibit us from considering the jury's deliberation process in this manner. Accordingly, reversal is not warranted.

Affirmed.

KIRSCH, J., and MATTINGLY, J., concur.